[No. 3,281.]

EDWARD FORD *v.* JAMES DOYLE ET AL.

DOCTRINE OF "RES ADJUDICATA" AS TO MOTIONS. — The doctrine of *res adjudicata,* in its strict sense, does not apply to motions for alias writs and to motions for orders requiring a Sheriff to execute a writ. The Court may, on a proper state of facts, allow a renewal of such a motion, once decided; but such leave will not be granted unless a new state of facts has arisen since the former hearing, or the facts were not then presented by reason of surprise or excusable neglect.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

November 14th, 1864, the plaintiff commenced an action against —— Doyle, and John Doe, and Richard Roe, to recover possession of part of block two hundred and ninety, in the Western Addition. On the eighteenth of the same month the Sheriff returned the summons as served "upon James Doyle (as Doyle) one of the within named defendants." John Doyle answered, and on the 1st day of December, 1866, the Court rendered judgment against James Doyle. On the 19th of February, 1867, the Sheriff returned a writ of possession unexecuted. An alias writ issued, and on the 19th of October, 1867, the plaintiff moved for an order on the Sheriff to show cause why he should not execute the writ. The Court discharged the order, and plaintiff appealed to the Supreme Court. (See *Ford* v. *Doyle*, 37 Cal. 346.) Soon after the entry of judgment the judgment roll was lost or mislaid. On the 15th of October, 1867, a new judgment roll was filed by order of the Court to take the place of the old one. This new judgment roll did not contain a copy of the Sheriff's return on the summons. After the decision of the Supreme Court the old judgment roll was found, and after the same had been found the plaintiff's attorney gave notice of a motion, to be heard on the 29th of November, 1871, for an alias writ of possession to issue.

The motion was based on an affidavit of plaintiff's attorney reciting the above facts, and assigning particularly why the writ should issue—the fact that the judgment roll had been found containing the Sheriff's return. It was not asserted but what the plaintiff knew all the time of the Sheriff's return, and but what he might have had a copy of it placed in the substituted judgment roll. On the hearing of the motion the defendant objected, and the Court ordered the writ to issue, but stayed proceedings under it, and reserved its decision on the objection.

The defendant moved to quash the writ, and on the 27th

of December, 1871, the Court granted the motion. From this order the plaintiff appealed.

*E. A. Lawrence,* for Appellant.

*Walter Van Dyke* and *E. L. B. Brooks,* for Respondent.

By the Court, NILES, J.:

The motion for an alias writ of possession was substantially a renewal of the motion previously made and denied for an order requiring the Sheriff to execute the first writ of possession issued upon the judgment.

The doctrine of *res adjudicata,* in its strict sense, does not apply to such motions made in the course of practice, and the Court may, upon a proper showing, allow a renewal of a motion of this kind once decided. But this leave will rarely be given upon the ground that the moving party can produce additional evidence in support of his motion, unless it also appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented, by reason of the surprise or excusable neglect of the moving party.

In this case no new facts have arisen since the former hearing, and none are presented which were not presumably within the knowledge of the plaintiff at the time the former motion was made. The service of summons had then been made in the manner now shown by the return, and the Court may very well have been satisfied that the plaintiff or his counsel knew, or should have known, the facts of the service and return. The return was a part of the record, and, if lost or mislaid, proper proof of its contents might have been made. The Court below exercised its discretionary judgment in the matter, and we see no reason to interfere with it.

Order affirmed.