LIVENGOOD ET AL. *v.* MUNNS ET AL.

[No. 16,311.   Filed May 9, 1940.]

28

*Wallace & Wallace*, of Veedersburg, for appellants.

*White & White,* of Covington; and *W. J. Sprow,* of Crawfordsville, for appellees.

STEVENSON, J.—This action grows out of a controversy between Omer E. Livengood, the appellant, and his two sisters, the appellees, Edna Munns and Emma J. Grimes. These parties became the owners, upon the death of their parents, of a farm consisting of approximately two hundred (200) acres on which was located two sets of buildings. As a result of a partition proceeding instituted by the appellant Omer E. Livengood, a decree of partition was issued by the Fountain Circuit Court on April 10, 1937. Following the decree of partition a survey was caused to be had to establish the line fixed by the commissioners appointed to make partition and it was then discovered that the line so established passed through a barn located on the premises. Approximately twelve inches of the end of the barn was on the land set off in the partition proceedings to the appellant, Omer E. Livengood. The remainder of the barn was on the land set off to the appellees, Edna Munns and Emma J. Grimes. Upon the discovery of this fact, the appellees, Edna Munns and Emma J. Grimes, employed the appellee Byron Hesler, a building mover, to move the barn wholly onto their land.

This action was brought by the appellants to enjoin the appellees from removing this barn. The complaint alleged that the appellants were the owners as tenants by entirety of twenty acres of real estate described;

that the same had been set off to them by partition proceedings and that the portion of said barn standing on their real estate was a permanent fixture of the value of $200.00, and that the threatened removal of said barn was a trespass and a waste to the appellant's real estate.

To this complaint the appellees, Edna Munns and Emma J. Grimes, filed what they designated a "cross-bill in equity." In this pleading they alleged the institution of the partition proceedings by the appellant, their brother, asking that his one-third in value in the farm inherited by them from their parents be set off to him. They further alleged that the commissioners appointed to make the partition examined the land and the buildings thereon and determined to set off certain land and buildings to the appellant, Omer E. Livengood, and intended to give to the appellees the remaining land including the barn in controversy; that said commissioners reported to their attorneys their decision and that the dividing line would run north of the barn in controversy a sufficient distance to leave a passageway; that the attorneys prepared the report of the commissioners but in so doing inadvertently neglected to refer to the buildings in said report and inadvertently neglected to specify that the barn in question should become the property of the appellees. That without knowledge of such mistake, the commissioners signed and filed such report which was by the court approved. Appellees accordingly ask that the report of the commissioners filed in the partition proceedings be corrected and modified so as to express the true intention of the commissioners and that they be permitted to take possession of the barn in question and to move it wholly onto their land.

Subsequently the appellees filed a second paragraph of said cross-bill in equity, setting out substantially the same facts, and asking that the appellants be restrained

and enjoined from claiming or asserting any interest in the barn in question.

To these paragraphs of cross-complaint the appellants filed an answer in six paragraphs. Replies in general denial to these paragraphs of answer closed the issues. The case was submitted to the court for trial without a jury. The court after hearing the evidence found against the appellants on their complaint and for the appellees on their cross-complaint. The appellants were accordingly enjoined perpetually from interfering with or preventing the appellees from removing the barn wholly onto their land. The appellants filed subsequently their motion for new trial which was overruled and this appeal has been perfected.

The errors properly assigned and relied upon in this court are first, that the court erred in overruling appellants' motion to strike out the cross-bill, and second, that the court erred in overruling appellants' motion for new trial.

In support of their first assignment of error the appellants contend that the cross-bill showed on its face that the matters relied upon were not germane to the subject-matter of the complaint and further that all jurisdiction of the Fountain Circuit Court to correct, change, or amend the judgment of partition had terminated. In answer to these contentions the appellees assert that by their cross-bill they seek only to have a court of equity enjoin the appellants from claiming any rights to the barn in question under a decree of partition which was obtained through the mutual mistake of all parties concerned. The appellees contend that a court of equity has power to enjoin a person from enforcing a judgment obtained through accident, mistake, or fraud, and to prevent him from securing an unconscionable advantage by that judgment.

It will be noted that the appellees are not seeking by their cross-complaint to change, modify, or correct the decree of partition formerly entered by the Fountain Circuit Court. They seek only to enjoin the enforcement of such judgment upon the ground of mutual mistake. The power of the court of equity to enjoin the enforcement of unconscionable judgments secured by fraud or mutual mistake is well recognized.

> "It is well settled that courts of general jurisdiction possess inherent powers not created or conferred by legislative enactment. . . . The Supreme Court of this state has recognized the existence of such powers, and has held that whenever, by fraud, accident, mistake or otherwise, an unfair advantage has been obtained in a proceeding at law, and it is against conscience to make use of such advantage, a court of equity will restrain the party from making use of the same; and after judgment, any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not avail himself in defense of the suit, will authorize the court to interfere by injunction, and restrain the party from enforcing the judgment." *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 501, 130 N. E. 1.

This same rule is announced in the case of *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 80, 134 N. E. 508:

> "Our attention has not been called to any statute authorizing such a procedure, but it does not follow that appellant is without a remedy, as courts of general jurisdiction possess inherent powers, not created or conferred by legislative enactment. These powers will always be exercised where one litigant has obtained an unfair advantage over his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it."

The question therefore presented is whether or not the facts alleged and proven in this case are such as en-

title the appellees to the relief sought. The cross-bill alleged and the evidence established that the real estate inherited by these parties from their parents consisted of approximately two hundred acres of farm land with two sets of buildings thereon. Each set of buildings consisted of a dwelling house, barn and other buildings and one group was located on the north portion of the farm. Two of the commissioners appointed to make the partition testified that they were familiar with the farm and that, after their appointment as such commissioners, they went over the land in question and made appraisements of the land and buildings separately. The barn in question was appraised by them at $400.00 and it was charged to the appellees in arriving at the valuation placed upon each tract of land. Two of the commissioners stepped the distance across the tract of land on which the barn was located from north to south for the purposes of fixing the boundary line and they testified that the division line as intended by them to be established was about five steps or more north of the barn in question. At the time they reported their decision to the attorneys and at the time they signed the report they thought the line of partition ran north of the barn and it was their intention as commissioners to give the barn in question to the appellees. They further stated that in making their calculations they estimated that the four and one-half acres which they intended to set off to the appellees would include the barn and in stepping off the distance they were estimating the width of the tract at eighty rods; that in truth and in fact the tract involved was longer than eighty rods and this operated to narrow the tract more than they intended. At the time the commissioners met in the office of the attorney who prepared the report, the commissioners stated to their

attorney that they desired to give the appellant the north thirty-eight and one-half (38½) acre tract and twenty acres off the north side of the twenty-four and one-half (24½) acre tract. The commissioners further stated that this division would leave the barn in question on the south four and one-half (4½) acres and the partition line would leave a driveway between it and the north end of the barn. Nothing was said in the report of the commissioners with reference to the barn and only the acreage was described as allotted to each of the parties. This report was approved by the court on the 10th day of April, 1937, and no further proceedings were had in said partition suit. The fact that the line of partition ran through the barn was not discovered until a survey was had on the 13th day of September, 1937.

It is apparent from a reading of this record that neither the parties, the commissioners, nor the court were aware of the fact that the decree of partition as entered would operate to cut approximately one foot off the end of this barn. Had they known of this fact at the time the decree of partition was entered, it is obvious that this condition would have been corrected. The only question, therefore, is whether or not a court of equity may take any steps toward correcting this mistake. It is clear to us that such a power exists. As was said by the Supreme Court of Mississippi in the case of *Brown* v. *Wesson* (1917), 114 Miss. 216, 232, 74 So. 831:

> "We think the jurisdiction of equity in cases of mistake is as broad and co-extensive as its jurisdiction in fraud. Where all the parties in a suit and all the officers of a court, and the court itself, acting on and moved by a belief in a certain state of facts, enters a judgment on such facts which would be proper, but which afterwards, by reason of the mistake, would work injustice and hardship upon

some of the parties, equity has and should have power to apply the proper remedy."

To allow the appellant in this case to retain a few inches off the end of this barn under the circumstances would, in our opinion, confer upon him a property right never intended by the commissioners or the parties to this litigation at the time the partition decree was entered. To cut this barn at the line of partition would be a distinct damage to the property. It was the duty of the commissioners in making this partition to set off to the appellant his one-third in value of the real estate in a manner that would not materially damage the owners of the tract involved. § 3-2405, Burns' 1933.

It appearing therefore that the commissioners intended by their valuations to award the barn to the appellees and it further appearing that at the time of the report and confirmation of the partition the parties hereto were mistaken as to the exact location of the line dividing the tracts and it further appearing that the appellant has made certain improvements upon the tract of land set off to him, it is our opinion that the only equitable course for the court to pursue was to permit the appellees to remove the barn. Such action does not change the wording of the original decree of partition and is simply correcting a condition to conform to the understanding of all at the time the partition was decreed. There is ample authority for such procedure. 30 Cyc. 304; 47 C. J. 437; *DeWitt* v. *Hawkins* (1883), 107 Ill. 109; *Ross v. Armstrong* (1860), 25 Texas Supp. 354, 78 Am. D. 574; *Boyd* v. *Doty* (1856), 8 Ind. 370; *Smith* v. *Butler* (1883), 11 Ore. 46, 4 P. 517.

In view of what we have said, the cross-bill as filed by the appellees was a proper pleading and the court did not err in overruling the appellants' motion to strike it out.

By their second assignment of error the appellants charge that the court erred in overruling their motion for new trial. Many of the reasons assigned in support of the motion for new trial challenge the jurisdiction of the court to change and modify the decree of partition that was formerly entered. The appellants contend that the failure of the appellees to object to the report of the commissioners before its confirmation by the court or to have the same corrected during the term at which the judgment was rendered now precludes them from the relief sought by their cross-bill. They contend that the judgment of partition is an adjudication of the matters sought to be presented by the cross-bill.

As we have formerly said, this was not an action in its final analysis which seeks to change and modify the decree of partition that was formerly entered. It is an action to enjoin the appellants from asserting a right claimed by virtue of the judgment of partition under which they obtained a seemingly unconscionable advantage. The defense of former adjudication is not available in a proceeding in equity to enjoin the enforcement of a judgment founded upon a mutual mistake of fact.

> "The judgment, order, or decree from the effect of which relief is sought cannot constitute a bar to equitable relief. The proceeding for equitable relief is not a collateral attack, and since its sole aim and purpose is to avoid the effect of said judgment, the doctrine of res judicata can have no application to such judgment." *Caldwell* v. *Taylor* (1933), 218 Cal. 471, 23 P. (2d) 758, 88 A. L. R. 1194; 15 R. C. L. 996.

Such being the rule, this defense could not be invoked as against the cause of action asserted by the appellees herein.

The appellant further contends that the jurisdiction of the Fountain Circuit Court over the partition suit ended with the expiration of the term at which final judgment was rendered. The appellant further contends that the parties, having consented to the decree of partition, cannot now ask that the same be reviewed, vacated, or set aside, that it was accordingly error to permit the commissioners, who made the partition, to testify as to their conduct or intentions at the time said decree was filed, for the reason that such testimony is in effect an effort to impeach their own report. We cannot agree with these contentions. While we recognize that the rules may be as contended for by the appellants in certain actions at law, the appellants have lost sight of the fact that the equity powers of the court were invoked by the suit to enjoin the removal of the barn and the equity powers are further invoked by the cross-bill which seeks to prevent the appellants from enforcing a right conferred by the decree in partition. In such an action, it is the peculiar province of a court of equity to relieve the parties from the consequences of their mutual mistake, and parol evidence is admissible to prove such mistake. *Gray* v. *Woods* (1837), 4 Blackford 432.

> "It is an ancient field of equity jurisdiction to relieve against the consequences of accident and mistake of fact . . . where, in the furtherance of justice, that course may be taken without disregard of an equal or superior equity, particularly where one has thereby acquired, at the expense of the complaining party, a legal right which in good conscience he should not retain." *Sears, Roebuck & Co.* v. *Camp* (1938), 124 N. J. Eq. 403, 1 A. (2d) 425, 118 A. L. R. 762; *First National*

*Bank* v. *Moore* (1928), 88 Ind. App. 189, 163 N. E. 602.

It was accordingly not error to permit the commissioners as officers of the court, the attorneys, and the parties to this litigation to testify as to the facts which gave rise to the report and decree of partition upon which the appellants rely in this case. There was accordingly no error in overruling the appellants' motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 27 N. E. (2d) 92.