[Civ. No. 19461.   First Dist., Div. Three.   Jan. 5, 1962.]

FRANK W. LYNCH, Plaintiff and Appellant, v. IRVING P. BETTS et al., Defendants and Appellants.

Edward R. FitzSimmons for Plaintiff and Appellant.

Jack K. Berman for Defendants and Appellants.

DRAPER, P. J.—The trial court once denied defendants' motion for relief from default and thereafter entered default judgment. Later it granted a motion to vacate the earlier order and set aside the default and judgment. Plaintiff appeals from the latter order, and defendants counter with an appeal from the order denying relief from default and from the judgment first entered.

Attorney Berman first entered the case November 2, when he secured an order extending time for defendants to plead to the complaint. On the same day he wrote plaintiff's attorney, advising of his representation of defendants, forwarding copy of the order extending time, and suggesting discussion of settlement. The two attorneys had a telephone conversation November 4.

No pleading was filed by defendants and on Friday, December 4, the day after expiration of the time granted defendants by the above order, plaintiff secured entry of defendants' default. On Monday, December 7, defendants served and filed their motion to set aside the default under Code of Civil Procedure section 473, together with a proposed answer and cross-complaint. The motion was supported by Berman's affidavit stating that he had been engaged in an extended criminal trial which concluded December 2; that he attempted unsuccessfully to reach plaintiff's attorney, Fitzsimmons, by telephone at about 3:30 p. m., December 3 and again on the following day. The motion was noticed for December 21. On that day Fitzsimmons filed a lengthy counteraffidavit in which he alleged that he told Berman "to have his answer in by December 3, 1959, for sure as affiant was interested in imme-

diately taking the depositions'' of defendants, and that he intended to take these depositions ''immediately after Berman filed an answer.'' At hearing on the motion, Berman twice asked leave to file counteraffidavits, but his requests were denied. The court then denied defendants' motion. Later on the same day, in the absence of defense counsel, evidence was taken and default judgment entered.

On December 24 defendants filed their motion to vacate the order of December 21, and to set aside the default and judgment thereon. This motion was supported by the affidavit of Berman denying that Fitzsimmons said anything to him to lead Berman to believe that Fitzsimmons would insist upon filing of an answer within the time allowed by the order extending time, would refuse to consider further extension of time, or would fail to follow what Berman alleged to be the established practice of attorneys in Marin, San Francisco and San Mateo Counties of giving notice to opposing counsel of an intention to enter default. In their previous professional dealings, Fitzsimmons had given Berman no reason·to believe that he would not follow this custom, existence of which was also asserted by affidavits of two practicing attorneys. Berman's affidavit further alleged that the affidavits supporting his initial motion were hastily prepared in an effort to act promptly to cure the default. He also recited his unsuccessful attempt to file counteraffidavits at the first hearing. Affidavits in opposition were filed, the matter was fully argued January 4, and the court vacated its prior order, set aside the default and judgment thereon, and permitted filing of the answer and cross-complaint offered by defendants. Written order was signed and filed January 5, 1960.

Plaintiff first contends that the trial court, having once denied the motion to set aside default, could not reconsider its action.

Unquestionably the general rule is that a court has power to correct errors and inadvertencies which do not result from exercise of judgment. This power does not permit it to set aside or amend its judgment for judicial error (*Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988]; *Epley* v. *Califro*, 49 Cal.2d 849, 854 [323 P.2d 91]; and see *City of San Diego* v. *Superior Court*, 36 Cal.2d 483, 486-487 [224 P.2d 685], and cases cited), save upon one of six motions provided for by statute. In general, only one motion is permitted under any one of these provisions, and ruling thereon exhausts the power of the court (see cases cited at 30 Cal. L. R.

75). Although an early case (*Kenney* v. *Kelleher,* 63 Cal. 442) permitted renewal of a motion for relief from default, the contrary rule was later stated (*Vale* v. *Maryland Casualty Co.,* 101 Cal.App. 599 [281 P. 1058]).

However, the Supreme Court has more recently held that a motion for reconsideration after denial of a section 473 motion is proper (*Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675]). In that case the order vacated was but a procedural ruling made during the course of trial, and reconsideration was before final judgment (see *Greene* v. *Superior Court,* 55 Cal.2d 403-405 [10 Cal.Rptr. 817, 359 P.2d 249]). But the rule of Harth has been applied directly to renewal of a motion under Section 473 for relief from default (*Hover* v. *MacKenzie,* 122 Cal.App.2d 852 [266 P.2d 60]) and to a Section 473 motion for relief from an assertedly inadvertent dismissal with prejudice (*Bice* v. *Stevens,* 160 Cal.App.2d 222, 227 [325 P.2d 244]). Both hold squarely that denial of the first such motion does not preclude further consideration and grant upon a second motion. Hearing by the Supreme Court in each of these cases was denied without a dissenting vote.

The *Harth* decision has been criticized (30 Cal. L. R. 74) upon the ground that it creates uncertainty as to the status of the judgment, in that the trial court could continue indefinitely to vacate its denials. This argument overlooks the time limitation of six months from date of default for making of the motion here considered. In any event, the policy favoring finality conflicts, in the case of default judgments, with that favoring hearing of every controversy upon its merits. We feel that the latter policy should prevail. The action of the Supreme Court upon petitions for hearing in *Bice* and *Hover* fails to indicate broad or basic disagreement with this view (see *Cole* v. *Rush,* 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137]; *Eisenberg* v. *Superior Court,* 193 Cal. 575, 578 [226 P. 617]).

Appellant also argues that the trial court abused its discretion in granting the second motion. We cannot agree. "The quiet speed of plaintiff's attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended" (*Smith* v. *Los Angeles Bookbinders Union,* 133 Cal.App.2d 486, 500 [284 P.2d 194]). Lack of notice to opposing counsel may be a sufficient ground to sustain setting aside of a default (2 Witkin, Cal. Procedure, 1694). Here defendants introduced evidence of an established custom in the county of suit and those in which

the opposing counsel had their offices of giving such notice. In view of the policy strongly favoring hearing on the merits (*Gore* v. *Witt,* 149 Cal.App.2d 681 [308 P.2d 770]) we cannot hold that there was an abuse of discretion as a matter of law. Since we affirm the order relieving from default, it is unnecessary to consider defendants' appeal.

The order of January 5, 1960 is affirmed.

Salsman, J., and Devine, J., concurred.