**Jack MORAN, Appellant,**

v.

**Alvin M. POLAND et al., Appellees.**

**No. 1544.**

Supreme Court of Alaska.

March 17, 1972.

Edgar Paul Boyko and Donna C. Willard, of Boyko & Walton, Anchorage, for appellant.

Stephen DeLisio and Alan Sherry of Merdes, Schaible, Staley & DeLisio, Anchorage, for appellees Alvin M. Poland and Glenn Bozeman.

19. Ocean Accident & Guarantee Corp. v. United States Fidelity & Guaranty Co., 63 Ariz. 352, 162 P.2d 609 (1945); Larson § 48.50 at 850-51.

L. S. Kurtz, Jr., of Burr, Pease & Kurtz, Anchorage, for appellee Matanuska Valley Bank.

John Conway of Atkinson, Conway, Young & Bell, Anchorage, for appellee Fireman's Fund Insurance Co., Inc.

## OPINION

Before RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

On April 6, 1971, appellant filed a complaint in the superior court seeking equitable relief against the enforcement of a judgment entered March 31, 1966, in the United States District Court for the District of Alaska.[1] This appeal is taken from an order of the superior court dismissing the complaint for failure to state a claim upon which relief can be granted. We affirm.

■ Our disposition does not involve the general power of a state court to give equitable relief against the effects of a judgment rendered by a federal court or a sister state court to the extent that such relief would be available in the rendering forum.[2] Nor need we decide whether appellant has alleged such facts as might entitle him to relief from the 1966 judgment under applicable federal law.[3] Rather, we hold that the appellant is barred from obtaining the relief sought by the doctrine of res judicata.[4]

After the federal district court judgment had become final, appellant, through newly retained counsel, moved in the federal court to have the judgment set aside on the very grounds now being urged. Based upon the parties' affidavits and memoranda, and certain information obtained *sua sponte,* the district court entered an order conditionally vacating the judgment and directing appellant to file depositions of six named persons within 120 days. Despite several continuances, appellant failed to file three of the requested depositions. Finally, on June 17, 1969, more than two years after the date of the order reopening the proceedings, the district court denied appellant's motion to vacate the judgment, ruling that the motion was "not supported by facts sufficient to establish any of the reasons set forth in said Rule 60(b)."[5]

■ Res judicata prevents the relitigation in a second suit for relief from judgment of matters which were adjudged or could fairly have been adjudged in a prior proceeding between the same parties raising the same claim for relief.[6]

■ Appellant attempts to avoid the effect of res judicata by characterizing the decision of the federal district court denying his motion for relief from that court's prior judgment as "purely procedural" and "not on the merits". The simple answer to

---

1. The federal district court judgment was against appellant in his capacity as surety on a federal project surety bond. Appellant contends that the judgment was obtained by fraud in that his signature on the bond is not genuine. No similar claim was made in the original federal action; however, the defense was subsequently raised in the federal court by a motion for relief from judgment.

2. *See* Restatement of Judgments § 114, comments d & e, at 551–552 (1942). The requirement that full faith and credit be given to a judgment of a court of a sister state (U.S.Const. art. IV § 1) or a federal court (28 U.S.C. § 1738) is not thereby violated since the judgment is given the same effect as it would be entitled

to under the laws and usage of the forum of its rendition.

3. Fed.R.Civ.P. 60(b), providing grounds and procedure for relief from a judgment, is substantially identical with Alaska Civ.R. 60(b).

4. *Cf.* Palfy v. First Bank of Valdez, 471 P.2d 379, 383 (Alaska 1970) ; Pennington v. Snow, 471 P.2d 370, 374 (Alaska 1970) ; State v. Baker, 393 P.2d 893, 896–897 (Alaska 1964).

5. An appeal of this decision to the Ninth Circuit Court of Appeals was denied.

6. American Surety Co. v. Baldwin, 287 U.S. 156, 166–167, 53 S.Ct. 98, 77 L.Ed. 231, 238 (1932) ; 7 Moore, Federal Practice ¶ 60.28 [3] at 413 (2d ed. 1971).

this contention is found in Federal Rule of Civil Procedure 41(b) which provides in part that

> a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The judgment of the superior court is affirmed.

BONEY, C. J., and BOOCHEVER, J., not participating.