Arthur Lars ENGEBRETH and Ruth Elizabeth Engebreth, Hitchinrail Duplex Apartments, an Alaska General Partnership, Appellants,

v.

Elizabeth Kay MOORE, Appellee.

No. 3120.

Supreme Court of Alaska.

Aug. 12, 1977.

Arthur Lars Engebreth and Will Key Jefferson, in pro. per.

Kermit E. Barker, Jr., Ruskin, Barker & Hicks, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ and CONNOR, Justices.

OPINION

BOOCHEVER, Chief Justice.

This case involves application of the doctrine of res judicata. Arthur and Ruth Engebreth and Hitchinrail Duplex Apartments [1] have appealed from a superior court order dismissing their complaint which was grounded in part on AS 13.06.030 of the Uniform Probate Code as adopted in Alaska. Since these parties were afforded a full

---

1. Nothing in the record indicates Hitchinrail's interest in the litigation involved here.

and fair opportunity to litigate their claims in a previous proceeding, we affirm the decision below.

In December 1968, Clark Levord Engebreth was killed in a crash of an aircraft owned by Wien Consolidated Airline and manufactured by Fairchild-Hiller Corporation. Surviving him were his parents, Ruth and Arthur Engebreth, the plaintiffs below, and his wife, Elizabeth Moore, defendant below, and two minor children.

Pursuant to the Alaska Wrongful Death Statute,[2] the personal representative commenced an action in state court against Fairchild-Hiller Corporation. The action was removed to federal court on the basis of diversity jurisdiction, and the case was subsequently settled for a net recovery of $353,717.80 plus interest. The fund was transferred to state court for disbursement and adjudication of claims made by Engebreth and Hitchinrail.

Following the settlement, Elizabeth Moore petitioned the superior court for an order for distribution.[3] At the hearing on that petition, the Engebreths and Hitchinrail claimed one-half of the recovery, relying on an alleged "joint adventure" agreement. The superior court rejected this claim. Finding that the alleged agreement assigning a portion of a wrongful death recovery was not permitted by Alaska law and, further, lacked consideration, it held that no persons other than the wife and children of the deceased were entitled to receive any portion of the award. It ordered distribution of the fund in accordance with the rules of intestate succession, AS 13.11.010 et seq.,[4] and the estate closed.

The final order of the superior court was not appealed. Instead, the Engebreths and Hitchinrail sought relief in the federal district court where they instituted a separate action on the purported contract. Granting Elizabeth Moore's motion for summary judgment, the district court held that the action was barred by principles of res judicata and, further, that the agreement was invalid as contrary to Alaska law and poli-

---

2. The current legislative formulation of the wrongful death action appears as AS 09.55.-580(a) which states:

> When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be such damages as the court or jury may consider fair and just, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration.

At the time this action was brought, however, the relevant provision was labeled AS 13.23.-340. In *In the Matter of the Estate of Pushruk*,

562 P.2d 329 (Alaska 1977), we explained the function of the personal representative in wrongful death cases where, as here, the deceased is survived by enumerated beneficiaries, the action is brought on their behalf, and the recovery passes to them directly. If, on the other hand, none of the beneficiaries named in the statute are surviving, the personal representative brings the action on behalf of the estate. The proceeds pass directly into the estate, are subject to the claims of creditors and to distribution according to the rules of intestate succession.

3. A separate probate action had been commenced by Mr. Engebreth. The two actions were consolidated in the superior court.

4. In *Horsford v. Horsford*, 561 P.2d 722 (Alaska 1977), we stated that under the wrongful death statute, damages are to be assessed according to the losses suffered by each beneficiary. Accordingly, we held that the trial court did not err in refusing to distribute a wrongful death settlement award in accordance with the statutory plan for intestate succession and, instead, allocating it pursuant to a formula based on actual loss. The *method* of distribution in this case was not challenged and, in any event, the superior court order was entered prior to the decision in *Horsford*.

cy. An appeal from this determination is now pending before the Ninth Circuit.

Having failed to find relief in both the superior court and the district court, the Engebreths and Hitchinrail instituted the present action. Returning to superior court, they alleged on various grounds that the distribution of the proceeds of the wrongful death action was improper. In essence, the complaint reiterates the contractual claim to a portion of the wrongful death recovery. Additional allegations collaterally attack the jurisdiction of the probate court to disburse the proceeds, and of the federal district court to transfer the fund.

■ On motion of Elizabeth Moore, the superior court dismissed the case on the grounds of res judicata. This appeal followed.

This case presents a compelling illustration of the purpose and effect of the doctrine of res judicata. In *Drickersen v. Drickersen*, 546 P.2d 162, 169 (Alaska 1976), we stated:

> Res judicata is a doctrine judicial in origin which has as its primary objective claim preclusion or judicial finality. The term is used to denote two things in respect to the effect of a valid, final judgment:
>
> (1) that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim or demand;

and, (2) that such a judgment constitutes an estoppel, between the same parties or those in privity with them, as to matters that were necessarily litigated and determined although the claim or demand in the subsequent action is different.

The Supreme Court of the United States has opined that the doctrine of res judicata is not a technical rule, but a rule of fundamental repose for both society and litigants. Its salutary principle ". . . is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." (citations omitted)

The *Drickersen* decision reaffirms principles we have applied in a number of previous decisions.[5]

■ Here, we are presented with a situation in which the same parties have again and again attempted to reopen a matter that has been resolved by a court of competent jurisdiction.[6] The Engebreths and Hitchinrail were afforded a full and fair opportunity to present their contentions to the superior court at the time of the hearing on Elizabeth Moore's motion for distribution of the estate. Declining to exercise their right to appeal from that decision to this court, instead they have taxed the resources of both the federal courts and our courts and have burdened Elizabeth Moore

5. *See State v. Baker*, 393 P.2d 893, 898 (Alaska 1964), where we stated:

   . . . parties ought not to be permitted to litigate the same issue more than once and . . . when a right or fact has been judicially determined by a court of competent jurisdiction or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties and those in privity with them in law or estate.

   *See also Moran v. Poland*, 494 P.2d 814, 815 (Alaska 1972); *Palfy v. First National Bank of Valdez*, 471 P.2d 379 (Alaska 1970); *Pennington v. Snow*, 471 P.2d 370 (Alaska 1970).

6. The superior court had jurisdiction of the subject matter of this action regardless of whether the litigation was properly character-

ized as a probate action. *See* Note 2, *infra*. Under AS 22.10.020, the superior court has jurisdiction in all civil and criminal matters and may issue all writs necessary or proper to the exercise of its jurisdiction. Thus, apart from its specific probate powers, vested by AS 13.06, the superior court may order distribution of the proceeds of a wrongful death recovery. *See also* AS 09.55.580(c). We need not consider the jurisdiction of the United States District Court to transfer the fund to the superior court since any challenges to that action could have been made by way of appeal to the Ninth Circuit. The district court order cannot now be collaterally attacked.

with the need to defend in each instance. The doctrine of res judicata was intended to prevent precisely this situation. Accordingly, the action of the superior court dismissing the complaint is

AFFIRMED.

BURKE, J., not participating.