**Dale CALHOUN, Appellant,**

v.

**John A. GREENING, Airport Automotive Storage, Inc., a/k/a Aksala, Inc., Mick Manns, Cecilia Manns, Frank Stowman, Robert Feistner, and Bonnie Feistner, Appellees.**

**File No. 5097.**

Supreme Court of Alaska.

Nov. 13, 1981.

James A. Parrish, Fairbanks, for appellant.

Charles D. Silvey, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Dale Calhoun appeals from the superior court's refusal to vacate a judgment against him pursuant to Alaska Civil Rule 60(b).[1]

---

**1.** Alaska R.Civ.P. 60(b) provides:

*Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud— Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis and audita querela are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

We hold that Calhoun's motion to vacate is barred by the doctrine of res judicata, and hence affirm the superior court's judgment denying the Civil Rule 60(b) motion.

It is not necessary for us to set out all the details of this procedurally convoluted case, so we will only state the points relevant to our decision. In July 1976, John Greening filed a complaint against a corporation and seven individuals, including Calhoun. The complaint alleged that the individuals had mismanaged the corporation and had not properly compensated Greening for his $5,000 contribution to the corporation. Calhoun and most of the other defendants answered, with no cross-claims asserted at that time. In June 1978, a pretrial order was entered, setting the pretrial conference for Friday, September 22, and trial for the following week. On September 1, the superior court calendaring department notified counsel, including Calhoun's counsel Mike Stepovich, that the pretrial conference had been changed to Monday, September 25.

In late September the posture of the case changed drastically. On the 21st attorney Charles Silvey, representing three defendants, filed a pretrial memorandum indicating that all the non-defaulting defendants [2] except Calhoun had tentatively reached an agreement with Greening and would join Greening in pursuing claims against Calhoun. A copy of this memorandum was mailed to Stepovich on September 20. A formal stipulation incorporating the agreement was filed in court on September 25; the record does not indicate that Stepovich was served with this document.

On September 25, the scheduled date for the pretrial conference, Judge Van Hoomissen was snowbound in Galena, and the parties were informed of this fact by posted notice. Neither Calhoun nor Stepovich was present at court on that date. The calendar clerk then set the pretrial conference, with trial to follow, for September 27.[3] On that

date again neither Calhoun nor Stepovich was present. Judge Van Hoomissen heard testimony concerning the case, and on October 25 signed findings of fact and conclusions of law prepared by Silvey as well as a judgment against Calhoun in favor of Greening and four of the defendants.

Irwin Ravin replaced Stepovich as Calhoun's counsel, and on November 22, 1978, Ravin moved, pursuant to Civil Rule 60(b), to set aside the judgment as obtained in violation of Calhoun's due process rights. He did not accompany his motion with any memorandum in support, but relied only on two brief and conclusory affidavits by Calhoun and Stepovich, in which they denied receiving notice of the hearing at which judgment was entered and claimed that the judgment was unfair. This motion was opposed, and was denied by Judge Van Hoomissen on December 13, 1978. The denial of the motion was not appealed.

In August 1979, Silvey, representing all the prevailing parties, moved to set aside as fraudulent a property conveyance made by Calhoun. According to Silvey, Calhoun had sold his successful sole proprietorship construction business for ten dollars to an unincorporated association owned by his father and his wife. Calhoun, now represented by his present counsel, responded with an opposition to Silvey's motion, and "in the alternative a motion for relief from judgment." Judge Van Hoomissen denied the motion for relief from judgment on November 27, 1979, and this appeal followed.

We have previously discussed the doctrine of res judicata, and have stated:

Res judicata is a doctrine judicial in origin which has as its primary objective claim preclusion or judicial finality. The term is used to denote two things in respect to the effect of a valid, final judgment:

---

2. One of the seven individual defendants had not answered Greening's complaint, and a default judgment had already been entered against him.

3. No indication of how the parties were notified of the new date appears in the record. It is likely that it was set by the calendar clerk in the presence of those attorneys who were at the courthouse on the 25th.

(1) that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim or demand; and,

(2) that such a judgment constitutes an estoppel, between the same parties or those in privity with them, as to matters that were necessarily litigated and determined although the claim or demand in the subsequent action is different.

*Drickersen v. Drickersen*, 546 P.2d 162, 169 (Alaska 1976), *quoting* 1B J. Moore, *Moore's Federal Practice* ¶ 0.405, at 621 (2d ed. 1980) (footnote omitted). Calhoun's instant motion is his second attempt to have the judgment against him set aside. We believe that this motion constitutes a "subsequent action . . . upon the same claim or demand" within the meaning of *Drickersen*.[4]

■ Calhoun advances three arguments against application of res judicata here. He first contends that the instant motion is his first attack on the amended judgment, signed by Judge Van Hoomissen on February 15, 1979. That amended judgment, however, merely corrected an arithmetical error in the original judgment; it cannot be regarded as a new judgment as far as Calhoun's motion is concerned.

4. We realize that the denial of a motion to set aside judgment is not, strictly speaking, a "judgment." However, since we treat such denials as appealable final judgments for purposes of Appellate Rule 202, we will also treat them as final judgments for res judicata purposes.

5. That rule states that when a party has appeared in an action, he shall be served with notice of the application for a default judgment at least three days prior to the hearing on the application. Because of our ruling on the res judicata issue, we do not address the several close questions raised by Calhoun concerning the applicability of Alaska R.Civ.P. 55(c) to this case.

6. The dissent acknowledges that renewed motions for relief from a judgment should only be granted in compelling circumstances; then argues that there are compelling circumstances in this case requiring relief. Courts which have applied this standard have held that a second motion for relief should be granted only where

■ Calhoun's second contention is that his second motion raises issues not addressed by his first. Ravin's motion simply asserted denial of due process, while this motion claims a violation of Civil Rule 55(c).[5] However, a fundamental tenet of the res judicata doctrine is that it precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then. Calhoun had a full opportunity to present his Rule 55(c) argument as part of his initial motion; his failure to raise it then precludes him from raising it now. *See Engebreth v. Moore*, 567 P.2d 305 (Alaska 1977).[6]

Calhoun's final contention is that we should not as a policy matter accord res judicata effect to the denial of a motion to set aside judgment. His position is that:

[A] party subject to a questionable judgment should not be required, at his peril, to raise all issues affecting the validity of the judgment in one motion. Rather, in light of the burden a judgment imposes upon him, he should be allowed to take immediate action on the grounds which he readily perceives.

■ In light of the substantial authority to the contrary,[7] we find this argument

new evidence which was not available at the time of the original motion is produced in support of the second motion, or where the moving party can establish that the earlier denial was entered and became final as the result of his inadvertence, mistake, surprise or excusable neglect. *United States v. Cirami*, 563 F.2d 26, 34 (2d Cir. 1977); *Dellwo v. Petersen*, 34 Idaho 697, 203 P. 472, 473 (1921); *Rambush v. Rambush*, 267 Cal.App.2d 734, 73 Cal.Rptr. 268, 273 (1968).

Calhoun's second motion for relief was not based on any new evidence and no excuse or justification has been offered for his failure to appeal the denial of his original motion. In short, Calhoun has failed to establish compelling circumstances.

7. We note that case authority is divided on the question of whether the principle which bars a second direct attack on a judgment, based on grounds which were or fairly could have been adjudged in a prior direct attack, is properly called "res judicata." We have found no au-

unpersuasive. *Moran v. Poland*, 494 P.2d 814 (Alaska 1972), involved a situation that was very similar to the case at bar. After judgment was entered against him in federal district court, Moran retained new counsel and moved in federal court to have the judgment set aside pursuant to Fed.R. Civ.P. 60(b). *Id.* at 815. This motion was apparently not diligently pursued and was ultimately denied. *Id.* In response to the appeal of the superior court's denial of a subsequent motion to set aside the judgment in a state court proceeding, we held:

> Res judicata prevents the relitigation in a second suit for relief from judgment of matters which were adjudged or could

fairly have been adjudged in a prior proceeding between the same parties raising the same claim for relief.

*Id.* (footnote omitted). The section in Moore to which that statement is cited is clear: "[A] judgment rendered in a 60(b) proceeding is res judicata as to matter that was adjudged or was fairly open for adjudment." 7 J. Moore, *Moore's Federal Practice* ¶ 60.28[3], at 413 (2d ed. 1979) (footnote omitted). *Moran* is dispositive of this appeal. Since appellant's Rule 55(c) claim "could fairly have been adjudged" in the prior Civil Rule 60(b) proceeding, it is now barred.[8]

COMPTON, J., not participating.

thority among the cases on either side of that issue, however, which would justify consideration of Calhoun's second Rule 60(b) motion on the facts of this case.

The more recent cases on this issue, with which we now align ourselves, have simply applied res judicata in the present context. *Perkins v. Salem*, 249 So.2d 466, 467 (Fla.App. 1971), for example, held that denial of a motion for relief from judgment is res judicata as to "matters of evidence and procedure which with due diligence could have been included in [the original] motion." The courts of Maine have also held consistently that res judicata precludes a second Rule 60(b) attack where a party "was able to raise the issues in a first collateral attack but failed to do so." *Royal Coachman Color Guard v. Marine Trading & Transportation, Inc.*, 398 A.2d 382, 383–84 (Me. 1979). *See also Willette v. Umhoeffer*, 268 A.2d 617, 619 (Me.1970) ("Although res judicata is ordinarily applied to second independent actions between the same parties ... the principles upon which the doctrine rests have equal application to successive attacks upon a judgment ... where all of the issues were or could have been litigated on the first motion.").

Other jurisdictions have held that although res judicata does not apply in situations like the present one, motions for relief from judgment can be renewed only with leave of court and good cause. *Dellwo v. Petersen*, 203 P. 472, 473 (Idaho 1921); *Jensen v. Barbour*, 12 Mont. 566, 31 P. 592, 593 (1892); *Olson v. Advance Rumely Thresher Co.*, 178 N.W. 141, 142 (S.D.1920). The rule stated in *Dellwo* is typical of the approach adopted in these cases:

> The doctrine of res adjudicata, in its strict sense, does not apply to such motions made in the course of practice, and the court may, upon a proper showing, allow a renewal of a motion of this kind once decided. But this leave will rarely be given upon the ground that the moving party can produce additional evidence in support of his motion, unless it

also appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented, by reason of the surprise or excusable neglect of the moving party.

*Dellwo*, 203 P. at 473, *quoting Ford v. Doyle*, 44 Cal. 635, 637 (1872). *See Jensen*, 31 P. at 593–94; *Olson*, 178 N.W. at 142–43.

Finally, at least one jurisdiction has barred a second motion to set aside a judgment without finding it necessary to determine whether res judicata applies. In *Palmer v. Jackson*, 188 Ga. 336, 4 S.E.2d 28, 30 (1939) (emphasis in original), the court held:

> Whether or not such a defense to a repetition of the first attack, when filed *in the same case*, would fall strictly within the doctrine of res judicata, the movant under any view is precluded from a second attack, based either on the same grounds or on grounds which he knew or could by due diligence have discovered in time to include them in his former pleading.

This statement is as appropriate to the facts of the present case as it was to those under consideration by the Georgia court. Under res judicata principles, Calhoun's claim is barred because it "could fairly have been adjudged" in his prior Rule 60(b) action, *see Moran v. Poland*, 494 P.2d 814, 815 (Alaska 1972); under the alternative approach, Calhoun's claim would be barred because he has made no showing that "a new state of facts has arisen since the former hearing, or that the then existing facts were not presented, by reason of the surprise or excusable neglect of the moving part." *Dellwo*, 203 P. at 473, *quoting Ford*, 44 Cal. at 637. We think it is clear that Calhoun's second Rule 60(b) motion would be barred even if, as the dissent urges, res judicata were inapplicable in the present context.

8. One of the grounds for vacating a judgment, pursuant to Civil Rule 60(b) is that the judg-

MATTHEWS, Justice, dissenting.

I

In my view the judgment on the cross claims of Calhoun's co-defendants, Mick and Cecilia Manns (the Manns) and Robert and Bernice Feistner (the Feistners), is void. No order allowing the Feistners to file cross claims was ever entered. They lodged an order to that effect, but the order was expressly not used. As to the Manns, their motion to file a cross claim was served by mail on Calhoun's attorney on September 25, just two days before the trial. The Manns' motion was granted on September 29, 1978, two days after Calhoun had been found liable to the Feistners and the Manns in what passed for a trial in this case.

Calhoun had no duty to answer the cross claims which the Feistners and the Manns

ment is void (Alaska R.Civ.P. 60(b)(4), *supra* n. 1). Calhoun contends the default judgment is void because he did not receive the three day notice required by Civil Rule 55(c). Even assuming, as Calhoun asserts, that the original default judgment was entered without proper notice, we do not believe that the judgment must be vacated as a matter of law. Several courts have rejected renewed motions to vacate default judgments, despite arguments that the original judgments were void due to lack of notice.

In *Collex Inc. v. Walsh*, 74 F.R.D. 443 (E.D. Pa.1977), a default judgment was entered and the defendant's subsequent motion to vacate was denied. The defendant failed to appeal this decision but four months later filed a motion asking the court to reconsider its refusal to vacate the judgment. In this second motion, the defendant argued that he had not received proper notice under Rule 55(b)(2) of the Federal Rules of Civil Procedure and that the default judgment must be vacated as a matter of law. The court rejected the argument that a lack of notice rendered the judgment per se void and held instead that the judgment was "voidable" at the court's discretion pursuant to the standards governing a Rule 60(b) motion. *Colley*, 74 F.R.D. at 449. Applying these standards the court refused to vacate the judgment noting that its decision was based on the following factors: first, that there had been a four-month delay between the initial denial of the motion to vacate the default judgment and the subsequent motion for reconsideration; second, that *the defendant had failed to appeal the prior denial*; third, that *the "new" argument which defendant raised* (lack of notice) *was one which could and should have been raised in the earlier proceedings. Id.* at 449.

Calhoun's second motion to vacate the default judgment was filed over eight months after the denial of his original motion on December 13, 1978. Calhoun failed to bring any appeal of this original adverse decision and the "new" argument which he raised in his second motion (lack of notice required by Civil Rule 55(c)(1)) could and should have been raised in the prior proceedings.

In *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970), a default judgment was entered against the defendant and his initial motion to set aside the judgment was denied. No appeal was taken from the default judgment or the denial of the motion to vacate judgment. Subsequently, defendant attempted to prevent enforcement of the judgment by filing a second motion under Rule 60(b), attacking the judgment as null and void because he had failed to receive the notice required by Rule 55(b)(2). The trial judge refused to grant defendant's renewed motion for relief on the ground that the defendant had deliberately bypassed his legal remedy of appeal from the original judgment and the subsequent denial of his first motion. On appeal it was held that the failure to give the required notice did not render the judgment necessarily void but that it was voidable at the court's discretion. *Winfield*, 429 F.2d at 1091. The Tenth Circuit court affirmed the district court's exercise of discretion, holding that the defendant's unexcused neglect and failure to appeal were sufficient basis for denial of equitable relief from the default judgment. *Id.* at 1091.

The dissent asserts that the judgment on the cross-claims of Calhoun's co-defendants is void because Calhoun was not given proper notice of or opportunity to defend against these claims. The dissent argues that the *Collex* and *Winfield* cases are not applicable because the defendants in those cases had notice of the claim and opportunity to defend; the failure of notice went only to the entry of default hearing. By the time of Calhoun's first Rule 60(b) motion, however, he had full knowledge of the claims asserted against him, the amount of the judgment, and the identity of the plaintiffs, since these were set out in the judgment and the trial court's findings of fact and conclusions of law. Any objection for lack of notice or opportunity to defend could and should have been raised at that time.

The fact that the original judgment against Calhoun may have been improper, for lack of notice, does not mean that the superior court was required to grant Calhoun's second motion to vacate under Civil Rule 60(b). Both *Collex* and *Winfield* stressed the defendant's failure to appeal the original denial as a major factor in denying the renewed motion for relief, especially where the issue raised in the second motion could and should have been raised earlier.

attempted to set out in their amended answers until leave of court for such amendments was granted. Civil Rule 15(a). Once leave of court was granted, as it was with respect to the Manns on September 29, and never was with respect to the Feistners, Calhoun would ordinarily have twenty days within which to answer. Civil Rule 12(a). This period could be shortened by order of the court. Civil Rule 15(a). However, such an order would have to be served on Calhoun and Calhoun would have to be given some period within which to answer and prepare his defenses.

A judgment is void if reasonable notice that it may be entered is not given or if a reasonable opportunity to be heard is not provided. Section 6 of the Restatement of Judgments (1942) states:

> A judgment is void unless a reasonable method of notification is employed and a reasonable opportunity to be heard afforded to persons affected.

Further, a judgment is void if it is based on amended pleadings where the defendant has not been given an opportunity to defend against the new matter. Comment c to § 8 of the Restatement of Judgments states in relevant part:

> c. *Requirement that judgment be within the issues.* Even though the State has jurisdiction over the parties and even though the court is one with competency to render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based. Such a judgment is subject to collateral attack. (See Illustration 1.) This does not mean, however, that the court may not permit an amendment of the pleadings so as to raise issues not raised by the original pleadings, provided that the parties have an opportunity to be heard on the issues raised by the amended pleadings. The court may under modern practice permit amendments of the pleadings at the trial, in order that they may conform to the evidence, provided that the parties are given an opportunity to be heard on the new issues presented.

Illustration 1 to this comment states:

> 1. A brings an action in State X against B, a corporation of State X, seeking an injunction against future trespasses on A's land, without alleging past trespasses. Service of the summons is made upon an officer of B. B defaults and a decree is entered enjoining future trespasses by B and for the recovery of $10,000 damages for past trespasses. The decree, in so far as it awards damages, is void.

A further illustration is given in comment b to § 117 of the Restatement:

> Thus where a person and his car are injured in a collision but in the action which he brings his complaint is limited to a claim for harm to the car, a judgment which includes damages for harm to the person is invalid if no notice of the additional claim is given to the defendant and the defendant does not appear at the trial. In this case the judgment is void because it goes outside the cause of action stated in the complaint and the defendant was not given a fair opportunity to defend against the claim upon which the judgment was based.

It is clear that the above principles apply to the judgment on the cross claims. As of the time of trial, September 27, the Feistners, the Manns and Calhoun were all defendants to the complaint of plaintiff, John Greening. No cross claims had been filed. Calhoun was entitled not to appear at the trial, knowing that the worst that might happen would be that a judgment on Greening's complaint would be entered against him, as it was, in the sum of $1,081.25. Since the cross claims had not been filed, Calhoun neither had notice of their filing nor a fair opportunity to defend against them.[1] Permitting an amendment

1. The majority, in its footnote 8, *supra*, cites *Collex, Inc. v. Walsh*, 74 F.R.D. 443 (E.D.Pa. 1977) and *Winfield Associates v. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970) for the proposition that courts have rejected renewed motions to vacate default judgments on the grounds of

of the Feistners' and the Manns' answers at the time of trial to state cross claims against Calhoun, assuming even that had happened, would still have left Calhoun without a fair opportunity to defend. The judgment on the cross claims is therefore void.

A void judgment is a legal nullity; it establishes no binding legal obligations; it may be vacated by the court which rendered it at any time or by any other court in which its validity is appropriately called in question; it has no res judicata effect and cannot be bootstrapped into validity by laches. 7 Moore's Federal Practice ¶¶ 60.-25[2] at 300–01, 60.25[3] at 314, 60.25[4] at 314–15, 60.41[1] at 802, 60.41[2] at 803–05; Wright & Miller, Federal Practice & Procedure: Civil § 2862; see Aguchak v. Montgomery Ward Co., Inc., 520 P.2d 1352, 1354 (Alaska 1974) ("a void judgment is entitled to no respect whatever.")

In my view these rules are dispositive of this case. We should remand to the superior court with directions to set aside the judgment on the cross claims and to conduct such further proceedings as may be appropriate.

## II

I also note that this is a case in which the court and counsel for the appellees failed to follow the rule of common courtesy expressed by this court in Hill v. Vetter, 525 P.2d 529, 530 n.4 (Alaska 1974) and Cook v. Aurora Motors, Inc., 503 P.2d 1046, 1049 n.6 (Alaska 1972), that a trial in the absence of one's opponent or the opponent's attorney should not take place until an attempt is made to alert the opponent's attorney of the proceedings. Such a practice "is a highly desired courtesy to the opposing side, which can help avoid unnecessary, time consuming motions before the court," Id. at 1049 n.6, and it is a practice which this court should continue to urge on the bar and the trial bench.

## III

Moreover, I believe that the majority has erred in basing today's opinion on the doctrine of res judicata. The doctrine of res judicata relates to the effects of a judgment in a subsequent separate lawsuit. Note, Developments in the Law—Res Judicata, 65 Harv.L.Rev. 818, 820 (1951–52). This is the sense in which we have always referred to res judicata. Engebreth v. Moore, 567 P.2d 305, 307 (Alaska 1977); Drickerson v. Drickerson, 546 P.2d 162, 169 (Alaska 1976); Moran v. Poland, 494 P.2d 814, 815 (Alaska 1972); Palfy v. First National Bank of Valdez, 471 P.2d 379, 383 (Alaska 1970); Pennington v. Snow, 471 P.2d 370, 377 (Alaska 1970); State v. Baker, 393 P.2d 893, 898 (Alaska 1964). This is the sense in which res judicata is generally understood.[2] Res judicata has no application to a direct, as opposed to collateral, attack on a judgment. Caldwell v. Taylor, 218 Cal. 471, 23 P.2d 758, 760 (1933); In Re Hess Estate, 379 P.2d 851, 855 (Okl.1962); Scott v. Dilks, 47 Cal.2d 207, 117 P.2d 700, 702 (Dist.Ct.App.1941); Livengood v. Munns, 27 N.E.2d 92, 96 (Ind.App.1940); Haudenschilt

lack of notice. Those cases were decided under federal rule 55(b)(2). Both the federal and the Alaska versions of that rule require notice three days prior to hearing on the *amount of judgment*. In these cases the defendant has been given notice of the claim against him and has been given an opportunity to defend. Thus it is not surprising that mere failure to give notice after default has been entered that damages will be calculated does not render judgment void. By contrast, here there has not been notice of the claim asserted at all and hence no opportunity to defend. Note also that in Collex, where the failure of notice only went to the damages hearing, the court vacated the damage award. It could hardly do more under the circumstances.

**2.** It is elementary, of course, that res judicata does not preclude a litigant from making a direct attack upon the judgment before the court which renders it.

1B Moore's Federal Practice ¶ 0.407 at 931 (2d ed. 1980).

In a direct, as distinguished from a collateral, attack on a judgment, the judgment does not, of course, operate as res judicata precluding relief, since the validity and binding effect of the judgment is the very matter in issue on such direct attack.

50 C.J.S. Judgments § 594.

v. *Haudenschilt*, 39 S.E.2d 328, 339 (W.Va. App.1946). Motions under Rule 60(b) are direct, not collateral attacks. 7 Moore's Federal Practice ¶ 60.41[1] at 801 (2d ed. 1979).

Apart from the question of labels, it is true that successive or renewed motions for relief from a judgment should only be granted under compelling circumstances in order to prevent injustice.[3] Cases in which relief, either partial or complete, has been granted on a renewed motion to vacate a judgment include: *Collex, Inc. v. Walsh*, 74 F.R.D. 443 (E.D.Pa.1977); *Dellwo v. Petersen*, 34 Idaho 697, 203 P. 472 (1921); *Rambush v. Rambush*, 267 Cal.App.2d 734, 73 Cal.Rptr. 268 (1968); *Lynch v. Betts*, 198 Cal.App.2d 755, 18 Cal.Rptr. 345 (1962).

For the reasons expressed in part I of this dissent, it is clear to me that compelling circumstances requiring relief exist here.

---

**3.** As the Second Circuit has recently observed:

> Very high among the interests in our jurisprudential system is that of finality of judgments. It has become almost a judicial commonplace to say that litigation must end somewhere, and we reiterate our firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case. Yet, at the same time, we are not unmindful of other interests, among them the interest of deciding cases on their merits. These interests provide relevant parameters within which to evaluate Rule 60(b) motions; the facts give them values. Here we are faced with a *second* motion to vacate a final judgment. Most assuredly, for it to succeed the material offered in support of it must be highly convincing material. [Emphasis in original].

*United States v. Cirami*, 563 F.2d 26, 33 (1977).

A similar rule is expressed in Criminal Rule 35(j) relating to motions to correct sentences:

> All grounds for relief available to an applicant under this rule must be raised in his original ... application. Any ground finally adjudicated or not so raised ... may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original ... application.