637 P.2d 298 (1981)
CITY OF VALDEZ, Petitioner,
v.
Randall J. SALOMON, Respondent.
Nos. 5895, 5996.
Supreme Court of Alaska.
December 11, 1981.
Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for petitioner.
Patrick J. McKay, Pestinger & McKay, Anchorage, for respondent.
Before RABINOWITZ, C.J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION
MATTHEWS, Justice.
The complaint in this personal injury action was served on the City of Valdez on January 6, 1981. The City's attorney wrote the plaintiff's attorney on January 9:
I have received a copy of the summons and complaint in this matter which was served on the City of Valdez on January 6, 1981.
I have referred the case to Providence Washington Insurance Company for a response, and assume that you will be hearing from them soon. In the event that no response is forthcoming, please let me know and I will enter our appearance on behalf of the City of Valdez to protect it against default.
If you have any particular questions, please let me know.
The letter was not answered. On February 10, on the application of plaintiff's attorney, *299 a default was entered against the city pursuant to Civil Rule 55(a). On the next day the city filed an answer. The city's subsequent motion to set aside the default was denied. It has petitioned for review from that order.
On May 22, 1981, we reversed the order of the superior court denying the motion to set aside the default. This opinion explains our reasons.
Alaska Rule of Civil Procedure 55(e) provides:

Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
Counsel for Valdez claims that the entry of default was caused by his mistaken belief that plaintiff's attorney would afford him the courtesy requested in the letter of January 9th. We agree that good cause exists for setting aside the default.
In Cook v. Aurora Motors, Inc., 503 P.2d 1046, 1049 n. 6 (Alaska 1972), we approved the following:
When [a lawyer] knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.
Quoting American College of Trial Lawyers Code of Trial Conduct No. 14(a), at 149 (1971-72). The City's attorney was justified in expecting that this principle would be observed.[1] This, the fact that the City's delay was neither long nor prejudicial, and the fact that the City has alleged a meritorious defense convince us that the trial court abused its discretion in refusing to set aside the default.[2]
REVERSED AND REMANDED.
NOTES
[1] DR 7-106(C)(5) of the Code of Professional Responsibility requires that a lawyer not "fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of his intent not to comply." It appears that plaintiff's counsel violated this provision. We are also constrained to observe that the purpose of the default procedure is to prevent a procrastinating defendant from unduly delaying a case; it should not be regarded as a tactical tool by which a plaintiff may obtain judgment without the bother and expense of litigation. Moyer v. Americana Mobile Homes, Inc., 244 Pa.Super. 441, 368 A.2d 802, 804 (1976).
[2] See Lynch v. Betts, 198 Cal. App.2d 755, 18 Cal. Rptr. 345 (1962); Lunt v. Van Gorden, 225 Iowa 1120, 281 N.W. 743 (1938); Curran v. James Regulator Co., 154 Pa. Super. 261, 36 A.2d 187 (1944).