Argued November 21, 1958, affirmed January 14, 1959

CLAWSON ET UX *v.* PROUTY ET UX
333 P. 2d 1104

*George G. Van Natta,* St. Helens, argued the cause and filed a brief for appellants.

*G. A. Heikkila,* Portland, argued the cause for respondents. With him on the brief was D. C. Bond, Portland.

Before Perry,* Chief Justice, and Rossman, Mc-Allister† and O'Connell, Justices.

ROSSMAN, J.

This is an appeal by the plaintiffs from a judgment adverse to them which the Circuit Court for Columbia County entered in an ejectment action which the plaintiffs, husband and wife, instituted against the defendants, who also are husband and wife. The cause was tried by the judge without a jury and rendition of the judgment was preceded by the entry of findings of fact and conclusions of law. The plaintiffs-appellants present only one assignment of error; it reads:

> "The trial court erred in entering judgment for Respondents in that such judgment is not supported either by evidence or by the findings of fact, but rests on an order of another court which was without jurisdiction."

The title which the plaintiffs assert to the land in controversy is based upon a deed issued to them by the sheriff of Columbia county dated October 3, 1952. The sale was in obedience to a writ of execution issued by the Circuit Court for Clackamas County August 16, 1951, and directed to the sheriff of Columbia county. It was based upon a judgment entitled *Adjustment Department, Clackamas County Credit Association v.*

* Chief Justice when case was argued.
† Chief Justice when case was decided.

*James M. Prouty and Faye Prouty.* The two individuals just named are the defendants-respondents in this action. The judgment, which was in the amount of $78.48, together with interest and costs in the sum of $15.00, was entered by a justice of the peace for Clackamas county. A certified transcript of the judgment was later filed in the office of the county clerk of Clackamas county and was thereupon docketed in the judgment lien docket of that county.

When the sheriff of Columbia county received the writ of execution he made a levy upon the real property, which is the subject matter of this action, and published a notice that the land would be sold September 22, 1951. Thereafter he sold the property to the plaintiff-appellant, Nancy Clawson, for $164.81, and issued to her a certificate of sale which referred to September 22, 1951, as the date of sale. The return of sale, however, stated that the sale was conducted September 16, 1951. September 2, 1952, the Circuit Court for Clackamas County confirmed the sale by an order which named as the purchaser the plaintiff-appellant, J. H. Clawson. October 3, 1952, the certificate of sale was surrendered and thereupon a sheriff's deed was issued which named as grantee J. H. Clawson. The following day this action, that is, an ejectment, was filed.

The defense to this action is based upon an order of the Circuit Court for Clackamas County [Judge Holman] which was made December 24, 1952, upon the motion of these defendants-respondents. It vacated the sale and order of confirmation. The vacating order further directed the defendants-respondents to pay to the plaintiffs-appellants the sum the latter had paid in the execution sale. The order, although made more than one year after the execution sale and the entry

of the order of confirmation, was made following a hearing at which all of the parties hereto were represented by counsel and in which they participated. The order was based upon the ground that the purported execution sale was void. That such was its ground is confirmed by the fact that our statute, which authorizes courts to give relief from judgments (ORS 18.160), would not have enabled the court to enter the order, for ORS 18.160 confines the court to the period of "one year after notice thereof." More than that period had expired before the defendants-respondents, on November 22, 1952, moved to vacate the sale. The order of the Circuit Court for Clackamas County [Judge Holman] which held the sale void, was apparently based upon (1) irregularities in the sheriff's return as to the date of sale; (2) the fact that the certificate of sale named as purchaser Nancy Clawson whereas the confirmation of sale named as purchaser J. H. Clawson; and (3) the fact that, although the certificate of sale, as just mentioned, identified as purchaser Nancy Clawson, the deed mentioned as purchaser J. H. Clawson. The order entered by the court clearly was final since it destroyed all interest which the plaintiffs had in the property by virtue of the sale. It contemplated no further judicial action. The plaintiffs did not challenge it by appeal. *Brand v. Baker*, 42 Or 426, 71 P 320, was an appeal from an order of that kind.

The only exception presented by the plaintiffs in their bill of exceptions is based on the admission in evidence of the above-mentioned vacating order entered by Judge Holman. The objection which was made at the time of the offer of the order was that "it affirmatively appears of record that the Circuit Court of the State of Oregon for Clackamas County

was without jurisdiction to enter such order." An examination of the record in this case indicates that the trial court [Judge Zimmerman] found as a fact that such an order had been entered and the court thereupon based its judgment on a conclusion of law that the order was binding on all parties.

■ In order for the plaintiffs to succeed in this appeal from the judgment of the Circuit Court for Columbia County [Judge Zimmerman] they must show that the sale and its confirmation were not void, for if they were void the Circuit Court for Clackamas County [Judge Holman] had jurisdiction to set them aside. That very issue, as we have seen, was litigated in the Circuit Court for Clackamas County when the defendants moved for an order vacating the sale and its confirmation. Both the plaintiffs and the defendants had full opportunity in that proceeding to present to the court all matters which they wished. The plaintiffs ask us to hold that the errors in the sale and its confirmation did no more than make the sale voidable and, therefore, not subject to a vacating order after the term of court had ended. The cases cited by the plaintiffs upon that issue do not involve instances wherein there was an error in the confirmation as well as in some of the papers pertaining to the sale itself. But we shall not attempt to determine the regularity of the adjudication by the Circuit Court for Clackamas County of that issue.

In *Anderson v. Guenther,* 144 Or 446, 22 P2d 339, 25 P2d 146, this court held that the plaintiff in that case was not entitled to bring an action to remove a cloud on his title while a motion to vacate the sale which gave rise to the alleged cloud was pending in another action, since he could get full relief under such a motion. In *Finch v. Pacific Reduction & Chem-*

*ical Mfg. Co.,* 113 Or 670, 234 P 296, we quoted with approval the following from *Ladd & Tilton v. Mason,* 10 Or 308:

> "The inherent power of the court to set aside and vacate such an entry, made without jurisdiction, at any time afterwards, whether at the same term it is made, or any subsequent term, seems hardly to admit of a serious doubt. Judgments, decrees or orders made without jurisdiction are not more binding upon the courts that enter them than upon persons sought to be affected by them. Not only may they be vacated to subserve the ends of justice between parties litigant, but it would seem that they might be set aside by the courts upon their own motion, by virtue of their inherent power to correct their own records and free them from extraneous matter."

Therefore, if the sale and its confirmation were void, the order entered by Judge Holman properly vacated them.

The plaintiffs asserted in oral argument that the finding of the Circuit Court for Clackamas County [Judge Holman] that the sale proceedings were void, if they were not in fact void, does not suffice to confer jurisdiction on the court. In this the weight of authority is against them. As expressed in *Old Colony Trust Co. v. Porter,* 324 Mass 581, 88 NE2d 135, 12 ALR2d 706:

> "* * * Every court confronted with a law suit of any kind is under both the necessity and the duty of determining whether or not it has jurisdiction to entertain the suit, and it necessarily has jurisdiction to make this determination. If it determines erroneously that it has jurisdiction, its own erroneous determination does not give it any true jurisdiction of the case as a whole, and its judgment is in general void and therefore subject to collateral attack, but in accordance with prin-

ciples which also form the basis for the familiar doctrine of res judicata the judgment *may,* after it becomes final, be binding upon the *parties* to the suit although not upon others, and the rights of *parties* may therefore be limited to appeal, writ of error, petition to vacate, or other methods of direct attack. The theory of the law on this subject is fully set forth in the Restatement: Judgments, §§ 4, 7, 8, 9, 10, 11, 12, 33, 74, 93, including the comments on each section."

*Eagle Cliff Fishing Co. v. McGowan,* 70 Or 1, 137 P 766, states:

"* * * the authority of a court to hear and determine a cause depends upon the allegations of the initiatory pleading, and not upon the facts, and an error committed in determining the jurisdiction does not usually render the judgment void; but such misconception of the question is generally regarded as voidable only: * * *."

In more general terms, this phase of res judicata is expressed as follows in *Masterson v. Pacific Live Stock Co.,* 144 Or 396, 24 P2d 1046:

"* * * It is universally held by the courts that a judgment or decree of a court of record is conclusive of every fact necessary to uphold it, and of all matters actually determined."

See, also, *Adams v. Perry,* 168 Or 132, 111 P2d 838, 119 P2d 581.

■ The reasoning behind the application of the doctrine of res judicata to questions of jurisdiction is expressed in decisions of the United States Supreme Court to which we will now give attention. *Baldwin v. Iowa State Traveling Men's Association,* 283 US 522, 51 SCt 517, 75 LEd 1244, after framing the issue as "The substantial matter for determination is whether the judgment amounts to res judicata on the question

of the jurisdiction of the court which rendered it over the person of the respondent", declared:

"* * * The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. * * * If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. * * *

"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

The most recent case in which that court had occasion to consider the question is *Sherrer v. Sherrer,* 334 US 343, 68 SCt 1087, 68 SCt 1097, 92 LEd 1429, where the issue was whether a Massachusetts court was bound by the finding of a Florida court that it had jurisdiction over the parties to a divorce suit by reason of the wife's domicile in Florida. Both parties were before the Florida court when it made the determination and had argued the issue of domicile. In holding that the Massachusetts court was required to give full faith and credit to the Florida decision, the court stated:

"* * * Insofar as cases originating in the federal courts are concerned, the rule has evolved that the doctrine of *res judicata* applies to adjudi-

cations relating either to jurisdiction of the person or of the subject matter where such adjudications have been made in proceedings in which those questions were in issue and in which the parties were given full opportunity to litigate. The reasons for this doctrine have frequently been stated. Thus in Stoll v. Gottlieb, 305 US 165, 172, 83 L ed 104, 109, 59 S Ct 134, 38 Am Bankr NS 76 (1938), it was said: 'Courts to determine the rights of parties are an integral part of our system of government. It is just as important that there should be a place to end as that there should be a place to begin litigation. After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.'"

Our statutes provide for the conclusive effect of an order as follows:

ORS 43.130:

"The effect of a judgment, decree or final order in an action, suit or proceeding before a court or judge of this state  *  *  *, having jurisdiction is as follows:

*  *  *

"(2)  *  *  * the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties,  *  *  *."

ORS 43.220:

"Any judicial record may be impeached and the presumption arising therefrom overcome by evidence of a want of jurisdiction,  *  *  *. The jurisdiction sufficient to sustain a record is jurisdiction over the cause, over the parties and, when a specific thing is the subject of the determination, over the thing."

ORS 43.160:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

Applying these statutes to the present case with the foregoing elucidations of the doctrine of res judicata in mind, we find that jurisdiction over the parties, cause and thing is not challenged. The motion to vacate the sale included matter on excusable neglect which we do not think is pertinent. It recited the defects in the sale proceedings and the confirmation. The order vacating the sale ruled specifically that the sale was void. Under the authority of *Anderson v. Guenther,* supra, and *Finch v. Pacific Reduction & Chemical Mfg. Co.,* supra, the Circuit Court for Clackamas County, having basic jurisdiction over the parties, cause and thing, had the power to determine whether the sale was void, and it so held. The order, although appealable, was not apealed. Thus, since the court under ORS 43.220 had jurisdiction, its finding that the sale was void is conclusive between these parties under ORS 43.130. Since the matter of voidness appears on the face of the order, it was therefore, according to ORS 43.160, subject to determination.

As stated in *Fitzsimmons v. Oklahoma City,* 192 Okl 248, 135 P2d 340:

"An adjudication of the jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue * * * *"

The plaintiffs, having once litigated the question of the voidness of the judicial sale on which their title

in this ejectment action rests, were precluded from attacking the finding collaterally when the order vacating the sale was presented as a defense. The trial court was correct in admitting the order in evidence and in basing its decision on it. Since the purchase price of the property has been deposited with the county clerk of Clackmas county for return to the purchaser, she will receive what she paid, and this feature of the case does not require our attention.

The assignment of error reveals no defect in the challenged judgment. The latter is affirmed.