**Robert RAPOPORT, Appellant,**

v.

**TESORO ALASKA PETROLEUM CO., Appellee.**

**No. S–3514.**

Supreme Court of Alaska.

June 29, 1990.

---

Daniel E. Winfree, Law Offices of Daniel E. Winfree, Fairbanks, for appellant.

Ronald E. Noel and David V. Burglin, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before MATTHEWS, C.J., and BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

The sole issue in this case is whether the trial court erred in holding that the superior court's decision in *Rapoport v. Tesoro Alaska Petroleum Co.*, No. 4FA–87–1176, *aff'd*, 790 P.2d 1374 (Alaska 1990) (*Rapoport I*) collaterally estops Rapoport from asserting the same excuse which failed to justify setting aside the default judgment against him in that case to justify setting aside the default judgment in this case.

## I. FACTS AND PROCEEDINGS

Both parties agree on the operative facts. In 1986 Rapoport, as a shareholder in RRFG Investments, Ltd., a closely held corporation, bought all the stock of Interior Energy Corporation (IEC). On the date of the sale, August 29, 1986, IEC owed Tesoro Alaska Petroleum Co. (Tesoro) approximately $1.4 million. As part of the purchase of IEC, Rapoport, *inter alia*, agreed to be held personally liable for specified IEC debt. Rapoport also agreed to guarantee all future IEC debt to Tesoro.

On June 24, 1987 Tesoro filed two separate but related lawsuits against Rapoport. Both complaints alleged that Rapoport, *inter alia*, had personally guaranteed the debt owed by IEC to Tesoro. The first complaint, at issue in *Rapoport I*, sought to recover debt IEC incurred to Tesoro *after* the sale of IEC to Rapoport *et al.* The second complaint, at issue here, sought to recover the specified IEC debt owing *at* the time of the sale. *Rapoport I* was assigned to Superior Court Judge Richard D. Savell whereas this suit was assigned to Superior Court Judge Jay Hodges.

Rapoport was served by certified mail in both actions on July 13, 1987. Rapoport took no action in response to either service. On August 13, 1987 Tesoro moved for, and on the 14th received, a default against Rapoport in both actions. A default judgment was entered in *Rapoport I* on August 14, 1987, but not until July 11, 1988 in this case.

On July 25, 1988 Rapoport moved to set aside the default judgment in *Rapoport I* under Civil Rule 60(b)(1), alleging excusable neglect. Rapoport alleged that he was too ill to appreciate the fact that he was being sued in regard to his guaranty.[1] Judge Savell denied his motion on January 31, 1989, finding that his claims of illness lacked credibility.

Rapoport moved to set aside the default judgment in this case, also under Civil Rule 60(b)(1), on November 18, 1988. In a memorandum opinion dated July 10, 1989, Judge Hodges denied this motion. Relying on *Murray v. Feight*, 741 P.2d 1148 (Alaska 1987), Judge Hodges held that collateral estoppel barred relitigation of the issue of excusable neglect. He noted that the excuse offered by Rapoport and the evidence presented in support of that excuse were the same as in *Rapoport I*. He also noted that the parties were the same as in *Rapoport I*, and that the denial of Rapoport's Rule 60(b)(1) motion was a final judgment, despite its pending appeal.

Rapoport appeals the collateral estoppel ruling. We affirm.

## II. DISCUSSION

### COLLATERAL ESTOPPEL BARS RAPOPORT FROM SETTING ASIDE THE SECOND DEFAULT JUDGMENT.

#### A. *Standard of Review.*

■ Denials of relief from default judgments under Civil Rule 60(b) will be reversed only for abuse of discretion, i.e., if we are "left with the definite and firm conviction on the whole record that the trial judge has made a mistake." *Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980) (per curiam) (citation omitted). *See also Rapoport I* at 1377.

■ In this case it is apparent that Judge Hodges did not definitively reach the Civil Rule 60(b) issue, finding relief precluded by the doctrine of collateral estoppel. The applicability of collateral estoppel to a given set of facts is a question of law subject to independent review. *McKean v.*

*Municipality of Anchorage*, 783 P.2d 1169, 1170–73 (Alaska 1989); *Murray v. Feight*, 741 P.2d 1148, 1153–56 (Alaska 1987); *Pennington v. Snow*, 471 P.2d 370, 374–79 (Alaska 1970).

#### B. *Applicability of Doctrine.*

■ In *McKean*, we set forth the three requirements for application of collateral estoppel:

1) [t]he plea of collateral estoppel must be asserted against a party or one in privity with a party to the first action;

2) [t]he issue to be precluded from relitigation by operation of the doctrine must be identical to that decided in the first action;

3) [t]he issue in the first action must have been resolved by a final judgment on the merits.

*McKean*, 783 P.2d at 1171, *quoting Murray*, 741 P.2d at 1153.

The first prerequisite (party identity) is obviously fulfilled here; the parties are identical (Tesoro and Rapoport). The second prerequisite (same issue) is also obviously fulfilled here; the evidence offered by Rapoport to set aside the default in *Rapoport I* on the grounds of excusable neglect is exactly the same evidence he offers here.

It is the third prong (the presence of a final judgment on the merits) that is contested here. In *Calhoun v. Greening*, 636 P.2d 69 (Alaska 1981), this court held that the denial of a Civil Rule 60(b) motion, while not technically a "judgment," will give rise to issue preclusion because it is an appealable final judgment for purposes of Appellate Rule 202. *Calhoun*, 636 P.2d at 72–73 & n. 4.

Rapoport urges us to hold that judgments are not "final" for purposes of issue preclusion if they are pending on appeal. *Calhoun* rejects this contention; the reason supporting our determination that denied Civil Rule 60(b) motions are final judgments is the very fact that they are appealable. *Calhoun*, 636 P.2d at 72 n. 4.

**1.** *See Rapoport I* at 1375–1377 for details concerning Rapoport's excusable neglect claim.

The irrelevance of a pending appeal is also supported by our other collateral estoppel cases. *See Pletnikoff v. Johnson,* 765 P.2d 973, 976 (Alaska 1988) ("[o]nce a judgment has been reversed by an appellate court, the finality requirement is no *longer* satisfied") (emphasis added); *Briggs v. State, Dep't of Pub. Safety,* 732 P.2d 1078, 1082 (Alaska 1987) ("[f]actors *supporting* a conclusion that a decision is final for this purpose are 'that the parties were fully heard, that the court supported its decision with a reasoned opinion, that *the decision was subject to appeal or was in fact reviewed on appeal.'* ") (emphasis added), *quoting* Restatement (Second) of Judgments § 13 comment g (1982); *Pennington,* 471 P.2d at 374 ("[issue preclusion] is founded upon the principle that parties are not to be permitted to litigate the same issue more than once and that when a right or fact has been judicially determined by a court of competent jurisdiction or an opportunity for such trial has been given, the judgment of the court, *so long as it remains unreversed,* should be conclusive upon the parties...." ) (emphasis added), *quoting State v. Baker,* 393 P.2d 893, 896–97 (Alaska 1964).

### C. *Full and Fair Opportunity to Litigate.*

In *Murray,* we recognized that the lack of an opportunity to fully and fairly litigate an issue might preclude the application of collateral estoppel despite the above mentioned three factors being fulfilled. *Murray,* 741 P.2d at 1153–56. *See also Pennington,* 471 P.2d at 378. Rapoport argues that the amount of the judgment in *Rapoport I* (approximately $375,000) was materially smaller than the amount at stake here (approximately $1.4 million). Such an argument was advanced to avoid issue preclusion in *Pennington. Pennington,* 471 P.2d at 378 ($2,500 and $50,000). More recently, however, we held in *Murray* that a disparity between $3,000 and $1.3 million, despite being "substantial," did not defeat application of collateral estoppel. *Murray,* 741 P.2d at 1156. The rationale underlying *Murray* and *Pennington* is to insure that the party had sufficient incentive to litigate "the issue to the fullest in the prior action," which it might not have had for several reasons, one of which is that the amount at stake in the first action was not sufficient. *Id.; see also Pennington,* 471 P.2d at 378. However, the Murrays would have done nothing materially different in the first case were more at stake. *Murray,* 741 P.2d at 1156. In this case, Rapoport obviously had sufficient incentive to litigate *Rapoport I.* Thus, regardless of the correctness of Judge Savell's denial of relief, relitigation is precluded; it cannot be said that Rapoport is being deprived of an opportunity to adequately litigate this issue.[2]

AFFIRMED.

---

**2.** Rapoport argues in his brief that the fact that Tesoro and a co-defendant, Hayes, will be litigating the same claims and defenses that Rapoport seeks to litigate here militates in favor of not applying issue preclusion to his case, since the end of judicial economy would not be served. However, Tesoro and Hayes have settled, thus undercutting the factual basis of Rapoport's argument.