In re Stephen Lee HAMPTON and Diane Hampton, Debtors.

Cathleen L. Croghan, Teresa A. Michels, Karen Schmidtmann, Jerry and Susan Fine, Cherie Reich and Agricultural Insurance Company, Plaintiffs,

v.

Stephen Lee Hampton and Diane Hampton, a.k.a. Wonita Hampton, dba HWS Trucking and Diamond H. Bar Ranch, Defendants.

Bankruptcy No. 00–20087.
Adversary No. 00–2025.

United States Bankruptcy Court, D. Wyoming.

Jan. 30, 2001.

Taylor, Reed, Hooper Law Offices PC, Riverton, WY, for defendants.

Georg Jensen, Cheyenne, WY, for defendants.

### *ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT*

PETER J. McNIFF, Bankruptcy Judge.

The plaintiffs' motion for summary judgment came before the court for hearing on January 11, 2001. The plaintiffs, Cathleen L. Croghan, Teresa A. Michels, Karen Schmidtmann, Jerry and Susan Fine, Cherie Reich and Agricultural Insurance Company (Croghan) appeared through counsel, Taylor Reed, and the defendants, Stephen Lee Hampton and Diane Hampton (Hamptons) through counsel, Georg Jensen. The court has considered the pleadings of record, the arguments of the parties, and the supplemental memoranda and is prepared to rule.

The complaint seeks a determination that a debt owed the plaintiffs by the debtors/defendants is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). They contend the material facts necessary to establish their claim are satisfied by giving preclusive effect to a prior civil judgment entered against the Hamptons by the Third Judicial District Superior Court for

the State of Alaska on November 15, 1998 (Alaska Judgment).

## Jurisdiction

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of § 157(b)(2)(I).

## Legal Analysis

The plaintiffs' motion is brought under Fed.R.Civ.P. 56, made applicable by Fed. R. Bankr.P. 7056. Summary judgment is appropriate when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *In re Baum*, 22 F.3d 1014, 1017 (10th Cir.1994).

*Claim and Issue Preclusion*

■ The plaintiffs urge the application of the doctrine of res judicata (claim preclusion) or collateral estoppel (issue preclusion) to bar the defendants from relitigation in this case. The doctrine of res judicata applies generally in bankruptcy cases. *In re Griego*, 64 F.3d 580, 584 (10th Cir.1995). Thus, prior judgments may be given preclusive effect to determine some matters at issue, such as the amount of an allowed claim against the estate.

■ However, because the bankruptcy court has exclusive jurisdiction over dischargeability issues, res judicata cannot be applied to preclude litigation of the elements of those claims for relief. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). On the other hand, collateral estoppel is effective to preclude litigation of issues in a dischargeability action. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991).

■ Whether the Alaska Judgment is entitled to preclusive effect depends on the applicable law of Alaska. *In re Griego*, 64

F.3d at 584. The Alaska courts apply collateral estoppel when: 1) the parties are the same or in privity; 2) the issue is identical to that decided in the first action; and 3) the issue was resolved by a final judgment on the merits. *Wall v. Stinson*, 983 P.2d 736, 739 (Alaska 1999).

■ Hamptons cite federal law and contend they did not have a full and fair opportunity to litigate in the prior case because they could not afford to present a defense at the trial, and therefore, did not attend. Applying federal law, the Tenth Circuit Court of Appeals requires that the party against whom the doctrine is raised have a full and fair opportunity to litigate the issue in the prior action. *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir.2000).

■ Alaska courts also require a fair process before applying collateral estoppel. A full and fair opportunity to litigate means only that an issue be raised and that the other party had a fair opportunity to contest, not that the party actually litigate. *Murray v. Feight*, 741 P.2d 1148, 1153 (Alaska 1987).

■ While Alaska courts do not give collateral estoppel effect to default judgments, *Wall v. Stinson*, 983 P.2d at 739, this is not a case of a judgment entered by default. The defendants were represented by counsel, answered the complaint, and raised no procedural due process concerns. They chose not to attend the trial of which they had notice. They did not appeal the judgment which the court entered based on findings of fact and conclusions. The defendants had a full opportunity to litigate, and the Alaska Judgment is entitled to preclusive effect.

*Section 523(a)(6)*

■ Whether the findings in the Alaska Judgment satisfy the elements of the

§ 523(a)(6) claim is at issue also. Under § 523(a)(6), a debt that arises out of a willful and malicious injury is excepted from discharge. The Tenth Circuit Court of Appeals historically ruled that willful and malicious are two independent terms. *In re Longley,* 235 B.R. 651, 655 (10th Cir. BAP 1999), *citing In re Compos,* 768 F.2d 1155 (10th Cir.1985). Willful means deliberate or intentional, and the malice element requires intent to cause harm without justification or excuse. *In re Longley,* 235 B.R. at 655–656.

■ The United States Supreme Court addressed a § 523(a)(6) claim in the decision of *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), and appears to have integrated the two terms. The Court held that nondischargeability under the section requires proof of a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Id.* at 977, 118 S.Ct. 974. As with intentional torts, the debtor must have intended the consequences of his act. *Id.* Whether a finding of "without justification or excuse" is a necessary element of a "malicious" finding is an open question after *Kawaauhau. In re Longley,* 235 B.R. 651.

The Alaska Judgment sets out findings of the underlying facts and that court's conclusion that the Hamptons "were guilty of reckless, willful and wanton disregard of the property rights of Plaintiff (Croghan)". The Alaska court based its conclusion on the Restatement (Second) of Torts § 500 which defines reckless disregard as willful or wanton misconduct. However, the Court in *Kawaauhau* specifically rejected a reading of § 523(a)(6) to include reckless misconduct. Thus, the findings of deliberate action and wanton conduct do not satisfy the "deliberate injury" standard.

Nevertheless, Croghan argues that because the Alaska Judgment includes an award of punitive damages, the standard is met. In support of the punitive damages award, the Alaska Judgment cites a case holding that punitive damages are authorized for intentional or reckless conduct which causes harm. *Richardson v. Fairbanks North Star Borough,* 705 P.2d 454, 456 (Alaska 1985). The standard in the *Richardson* case does not satisfy § 523(a)(6) or the *Kawaauhau* test.

Other Alaska cases hold that punitive damages are permissible upon a showing of alternative conduct, i.e., "malice, bad motive, or reckless indifference." *Chizmar v. Mackie,* 896 P.2d 196, 209 (Alaska 1995). Because there is no specific finding of malice in the Alaska Judgment, and the Alaska standard for punitive damages is in the alternative, the court agrees with the Hamptons. The punitive damage award does not satisfy the malicious element of the § 523(a)(6) claim.

*Debt Liquidation*

■ The amount of the debt owed by the Hamptons to the plaintiffs was litigated and established in the Alaska Judgment. Furthermore, the United States Supreme Court ruled in *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 1217, 140 L.Ed.2d 341 (1998) that a debt excepted from discharge under § 523(a)(2)(A) includes a punitive damage award if the underlying obligation is also nondischargeable. The Supreme Court's opinion supports a similar result in the context of § 523(a)(6) as well. This court concludes that the entire judgment amount is entitled to both issue and claim preclusive effect.

## Conclusion

In conclusion, the Alaska Judgment bars the defendants from relitigating the amount of the debt which is the subject of this adversary proceeding. Although the

underlying facts were litigated, the conclusions drawn by the Alaska court do not establish the requisite elements of a claim under § 523(a)(6). Genuine issues of material fact remain for trial which can only be established by testimony, particularly on the issue of whether the Hamptons intended to harm the property of the plaintiffs through their actions.

IT IS, THEREFORE, ORDERED that the plaintiffs' motion for summary judgment is granted in part and establishes the amount of the debt, $643,529.74, plus post-judgment interest at the rate of 10.5%, and the motion is denied with regard to the remainder of the issues.