Sergey MISYURA, Appellant,

v.

Lyudmila MISYURA, Appellee.

No. S–13579.

Supreme Court of Alaska.

Nov. 19, 2010.

Thomas R. Wickwire, Law Office of Thomas Wickwire, Fairbanks, for Appellant.

Dorothy E. Heim, Alaska Legal Services Corporation, Fairbanks, for Appellee.

Before: FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*OPINION*

CHRISTEN, Justice.

## I. INTRODUCTION

Both parties to this action sought custody of their three children during their divorce proceeding. The trial court found the father had a history of domestic violence and awarded the mother sole physical and legal custody pursuant to AS 25.24.150(g). The father appeals, arguing: (1) he did not have a history of domestic violence sufficient to trigger the presumption against awarding him custody under AS 25.24.150(g); (2) there was no basis for denying him overnight visits; and (3) the trial court erred by delegating to the mother the discretion to place conditions on the father's visitation. We affirm the custody decision; but because it was error for the trial court to delegate the authority to require the non-custodial parent to attend an intervention program for batterers, we reverse and remand the visitation order. We do not reach the question of overnight visitation.

## II. FACTS AND PROCEEDINGS

Sergey and Lyudmila were married in Belarus in 1994. They have three children:

Karina, David, and Jessica, now approximately ages fifteen, nine, and four. Both parties were residents of Alaska residing in Fairbanks at the time of trial.

The parties separated in November 2007 when Sergey moved into a house he had been building for the family. Initially, all three children lived with Lyudmila, but in February 2008 David went to live with Sergey.

Sergey filed a motion for temporary custody and appointment of a custody investigator on May 27, 2008. Lyudmila never received notice of the motion and did not attend the July 17, 2008 hearing. The court granted Sergey's unopposed motion and entered an order for temporary custody awarding him sole custody of the three children. The children were removed from Lyudmila's custody and placed in Sergey's custody on or about July 25, 2008. The children lived with Sergey until September 2008 when the court issued an interim child custody order awarding temporary custody of the three children to Lyudmila "with liberal visitation with Sergey."

Meanwhile, Lyudmila sought a domestic violence protective order. A magistrate held hearings on August 25, 2008 and October 2, 2008. Lyudmila testified about an incident where Sergey passed her car in a narrow no-passing zone and nearly forced her off of the road. The magistrate also heard testimony about an incident on the night of Lyudmila's birthday when Sergey saw her enter her apartment with another man and approached her window. On the basis of this testimony, the magistrate found by a preponderance of the evidence that Sergey had committed criminal trespass and reckless endangerment. The magistrate issued a long term protective order after the contested hearing. Sergey did not appeal that order.

The divorce and custody trial was conducted in May 2009. During the trial, Lyudmila testified about the domestic violence she had experienced throughout the marriage. She testified about an incident where Sergey choked her nearly to unconsciousness, another when he pushed her and she fell on the floor when she was seven months pregnant, and numerous instances where he forced her

to have sexual intercourse with him. Based on this evidence, the trial court found that "there is a history of domestic violence by Sergey on Lyudmila" and awarded sole legal and physical custody to Lyudmila under the presumption in AS 25.24.150(g).[1]

But the court believed that Sergey had "in many ways ... been a caring and good father" and should, under AS 25.24.150(j) be allowed unsupervised visits "in the best interests of the children." [2] The court said that "[u]nsupervised visits with Sergey may be held, in Lyudmila's discretion" as long as she felt the children were not adversely affected by the visits. If Lyudmila felt the children were being harmed, the court ordered that she could discontinue the unsupervised visits and instead arrange supervised visits. Finally, the court ordered that Lyudmila could require Sergey to attend a program called Alternatives to Violence as a prerequisite to unsupervised visits, at her discretion.

Sergey appeals. He argues: (1) he does not have a history of domestic violence sufficient to trigger AS 25.24.150(g)'s presumption against awarding him custody; (2) there was no basis for denying him overnight visits; and (3) the trial court erred by delegating to Lyudmila the discretion to require him to attend Alternatives to Violence classes or to revoke his unsupervised visits.

## III. STANDARD OF REVIEW

The superior court has "broad discretion to determine custody awards in a divorce proceeding so long as the determination is in the child's best interests." [3] We "will not reverse a superior court's custody determination unless it abused its discretion or its controlling factual findings are clearly erroneous." [4]

The superior court abuses its discretion when it "considers improper factors in making its custody determination, fails to consider statutorily mandated factors, or assigns disproportionate weight to particular factors while ignoring others." [5] Factual findings are clearly erroneous if a review of the entire record leaves us "with a definite and firm conviction ... that a mistake has been made." [6]

"We give 'particular deference' to the trial court's factual findings when they are based primarily on oral testimony, because the trial court, not this court, performs the function of judging the credibility of witnesses and weighing conflicting evidence." [7]

## IV. DISCUSSION

### A. The Trial Court Properly Awarded Lyudmila Sole Legal And Physical Custody Under AS 25.24.150(g).

#### 1. The trial court did not err by declining to apply collateral estoppel to preclude Sergey from re-litigating the magistrate's domestic violence findings.

On October 3, 2008, after having found by a preponderance of the evidence that Sergey

---

1. AS 25.24.150(g) provides: "There is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against the other parent, a child, or a domestic living partner may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child."

2. AS 25.24.150(j) provides:

   If the court finds that a parent has a history of perpetrating domestic violence under (g) of this section, the court shall allow only supervised visitation by that parent with the child, conditioned on that parent's participating in and successfully completing an intervention program for batterers, and a parenting education program, where reasonably available, except that the court may allow unsupervised visitation if it is shown by a preponderance of the evidence that the violent parent has completed a substance abuse treatment program if the court considers it appropriate, is not abus-

ing alcohol or psychoactive drugs, does not pose a danger of mental or physical harm to the child, and unsupervised visitation is in the child's best interests.

3. *Thomas v. Thomas*, 171 P.3d 98, 102 (Alaska 2007) (citing *Elton H. v. Naomi R.*, 119 P.3d 969, 973 (Alaska 2005)).

4. *Id.* (citing *Elton H.*, 119 P.3d at 973–74).

5. *Id.* (quoting *Elton H.*, 119 P.3d at 974) (internal quotation marks omitted).

6. *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000) (quoting *Dingeman v. Dingeman*, 865 P.2d 94, 96 (Alaska 1993)) (internal quotation marks omitted).

7. *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005) (quoting *In re Adoption of A.F.M.*, 15 P.3d 258, 262 (Alaska 2001)).

had committed two crimes involving domestic violence against Lyudmila, reckless endangerment and criminal trespass, a magistrate entered a long term protective order in Lyudmila's favor. Sergey did not appeal the order. At the divorce trial, Lyudmila asserted that AS 25.24.150(g) creates a presumption against awarding physical or legal custody to a perpetrator of domestic violence based on the magistrate's findings. Over Lyudmila's objection that the domestic violence issue was "res judicata," Sergey introduced evidence and testimony about the incidents the magistrate already found to have occurred.

The superior court heard Sergey's evidence about the incident of criminal trespass and observed that "Lyudmila verified that on the occasion relied on by the [magistrate], when Sergey had staked out the apartment, that Sergey had not, in fact, entered her apartment." The superior court decided that it did "not need to decide whether [an] unappealed, flawed, domestic violence hearing['s] findings [were] res judicata, because it concludes from the testimony presented at trial that there is a history of domestic violence by Sergey on Lyudmila."

Sergey argues on appeal that the superior court erred by finding two acts of domestic violence occurred during the marriage. Lyudmila counters that the superior court should not have reconsidered whether the episodes of domestic violence occurred because the magistrate decided that question after a contested hearing. Lyudmila contends that the doctrine of collateral estoppel should have prevented the superior court from hearing evidence that Sergey did not commit two incidents of domestic violence.

▬▬ We have adopted the rule that the "decision to apply collateral estoppel is with-

in the discretion of the trial court, although this discretion must be tempered by principles of fairness in light of the circumstances in each particular case."[8] Our case law recognizes that there are circumstance when it would be unfair—and an abuse of the superior court's discretion—to require a party to re-litigate an issue previously decided.[9] But in this case, we do not reach the question of whether it was unfair to require Lyudmila to relitigate the two instances of domestic violence; even if we concluded that the superior court abused its discretion, any error was harmless. The superior court made factual findings that allowed it to conclude, as the magistrate had concluded, that at least two instances of domestic violence occurred. Because we separately decide that the superior court's factual findings are not clearly erroneous, they were sufficient to trigger the presumption in AS 25.24.150(g).

## 2. The trial court's finding that Sergey had a history of domestic violence was not clearly erroneous.

Alaska Statute 25.24.150(g) creates a rebuttable presumption against awarding sole or joint legal or physical custody to a parent who "has a history of perpetrating domestic violence against the other parent." A parent has a "history of perpetrating domestic violence" under AS 25.24.150(h) if the court finds "that, during one incident of domestic violence, the parent caused serious physical injury or . . . the parent has engaged in more than one incident of domestic violence." If AS 25.24.150(g)'s presumption applies, it can be overcome if the perpetrating parent shows by a preponderance of the evidence that he or she has "successfully completed an intervention program for batterers [and] . . . does

8. *Borg–Warner Corp. v. Avco Corp. (Lycoming Div.),* 850 P.2d 628, 635 (Alaska 1993) (citing *Chemetron Corp. v. Bus. Funds, Inc.,* 682 F.2d 1149, 1191 (5th Cir.1982), *vacated on other grounds,* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983), *cert. denied sub nom. Bintliff v. Chemetron Corp.,* 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 483 (1983)).

9. *See, e.g., Matanuska Elec. Ass'n v. Chugach Elec. Ass'n, Inc.,* 152 P.3d 460, 468 (Alaska 2007) ("Because the issues were vigorously contested

before the Commission, it is fair to apply the doctrine of collateral estoppel to the question whether Chugach complied with prudent utility practice."); *State of Alaska, Child Support Enforcement Div. v. Bromley,* 987 P.2d 183, 192 (Alaska 1999) (collateral estoppel "aim[s] to prevent parties from again and again attempting to reopen a matter that has been resolved by a court of competent jurisdiction" (internal quotation marks omitted) (citing *Engebreth v. Moore,* 567 P.2d 305, 307 (Alaska 1977))).

not engage in substance abuse."[10] It is undisputed that Sergey did not attend an intervention program for batterers. The court found no evidence that he engages in substance abuse.

Sergey argues the trial court erroneously applied the presumption in AS 25.24.150(g) against him because there was no evidence that he had a history of domestic violence within the meaning of AS 25.24.150(h). Specifically, he alleges Lyudmila fabricated the domestic violence allegations. He relies on the fact that she "did not present a single witness, a medical record which might have shown her seeking treatment for injuries, a picture of a bruise or other injury, no claim to have sought counseling for the emotional aftermath, no claim to have lost work time because of injuries or embarrassment from bruises."

■ We apply the "clearly erroneous" standard of review to Sergey's appeal of the trial court's factual findings.[11] The trial court found that Sergey had terrified Lyudmila by nearly forcing her car off the road and believed her testimony that she had endured "years of domination, intimidation, demands, and physical, psychological, and sexual abuse" by Sergey. Given Lyudmila's testimony on the domestic violence she experienced, the trial court's determination that Sergey was not a credible witness—and its finding that Lyudmila was—we are not left with a definite and firm conviction that the trial court erred when it found that Sergey committed multiple acts of domestic violence against Lyudmila.[12]

The trial court's finding that Sergey had a history of domestic violence within the meaning of AS 25.24.150(h) was not clearly erroneous, and Sergey did not rebut the presumption against an award of custody by completing an intervention program for batterers. Having established these facts, the superior court did not err by invoking AS 25.24.150(g)'s presumption against Sergey and awarding sole legal and physical custody to Lyudmila.[13]

**B. It Was Error For The Trial Court To Delegate To Lyudmila The Discretion To Impose An Intervention Program For Batterers On Sergey's Right To Visit The Children.**

■ Although the trial court granted sole legal and physical custody of the children to Lyudmila, it ordered that Sergey be allowed unsupervised visits "in the best interests of the children" under AS 25.24.150(j). It explained that Lyudmila could stop Sergey's unsupervised visits if she felt they were harming the children or affecting her relationship with them. The court also allowed Lyudmila the discretion to decide whether to require supervised visits with a supervisor of her choice, or to require Sergey to attend an intervention program for batterers as a prerequisite for unsupervised visits.

Sergey argues that because the trial court did not require his visits with the children to be supervised or require him to attend batterers' intervention classes, it was error for the court to delegate to Lyudmila the power to place these conditions on his visitation. He contends that the power to make these decisions—supervised or unsupervised visitation, domestic violence classes or no classes—lies with the court and cannot be delegated to Lyudmila. We agree that it was error to delegate these decisions to Lyudmila.

Alaska Statute 25.24.150, entitled "Judgments for custody" provides that if a court

10. AS 25.24.150(h).

11. *Thomas v. Thomas,* 171 P.3d 98, 102 (Alaska 2007) (citing *Elton H. v. Naomi R.,* 119 P.3d 969, 973–74 (Alaska 2005)).

12. *Ebertz v. Ebertz,* 113 P.3d 643, 646 (Alaska 2005) (explaining that we give "particular deference" to trial judge's findings on witness credibility (quoting *In re Adoption of A.F.M,* 15 P.3d 258, 262 (Alaska 2001))).

13. *See Michele M. v. Richard R.,* 177 P.3d 830, 837 (Alaska 2008) ("If a history of domestic violence is found, then the lower court must test, per AS 25.24.150, whether the presumption against awarding custody to the parent with a history of abuse has been overcome." (citing *Puddicombe v. Dreka,* 167 P.3d 73, 77 (Alaska 2007))).

has jurisdiction and is the appropriate forum, it may "make, modify, or vacate an order for the custody of or visitation with [a] minor child that may seem necessary or proper." Our rules and procedure recognize that the superior court may be aided in its custody and visitation decisions by the receipt of lay and expert testimony, by reports and testimony from child custody investigators, psychologists and social workers.[14] But neither the civil rules nor our statutory scheme contemplate that the superior court may delegate the authority to require an intervention program for batterers as a prerequisite to a non-custodial parent's ability to exercise visitation.[15] The situation in this case is not akin to one parent being given permission by the court to deny visitation if the other parent fails to abide by court-imposed conditions, such as an order allowing visitation only if the non-custodial parent is sober, transports the child in an insured vehicle, transports the child in an appropriate car seat, or other similar conditions. In this case, the court delegated to Lyudmila the authority *to decide whether to impose the condition* that Sergey complete an intervention program for batterers. That decision is one that must be made by the court.

The conclusion that it was error to delegate to Lyudmila the authority to require an intervention program for batterers as a condition of Sergey's visitation is supported by practical considerations. Allowing such delegation in relationships marred by domestic violence is likely to raise both the level of tension between the parents and the probability of future conflict. It is for the judge, not the parties, to decide whether an intervention program for batterers should be imposed upon a non-custodial parent's visitation.[16]

**14.** *See* AS 25.24.150; Alaska R. Civ. P. 90.6.

**15.** For example, AS 25.20.061 provides that if visitation is awarded to a parent who has committed a crime involving domestic violence against the other parent within five years of the award of visitation, *"the court* may set conditions for the visitation." (Emphasis added.) Under this statute, the court may require that the perpetrator "attend and complete ... a program for

## V. CONCLUSION

We AFFIRM the trial court's custody order, but REVERSE and REMAND its visitation order.

CARPENETI, Chief Justice, not participating.

the rehabilitation of perpetrators of domestic violence ... or other counseling" or set "any other condition necessary for the safety of the child, the other parent, or other household member."

**16.** Because we conclude that the visitation order must be reversed and remanded, we do not reach Sergey's separate argument that he was wrongfully denied overnight visitation.